THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN BERNARD BRENNAN, Appellant.

Third Department, January 7, 1970.

*Edmund J. Hoffman, Jr.,* for appellant.

*Robert E. Jones, District Attorney,* for respondent.

COOKE, J.   This is an appeal from an order of the County Court of Cortland County, entered July 29, 1968, which denied, without a hearing, defendant's application in the nature of a writ of error *coram nobis* to vacate the judgment convicting defendant of manslaughter in the first degree.

Defendant was arrested on a charge of murdering his wife on January 29, 1966 and, after a preliminary hearing in the City Court of Cortland, was ordered held for the Grand Jury. Indicted for murder in the first degree on April 13, 1966, he first entered a plea of not guilty, but on October 21, 1966 in the County Court of Cortland County pleaded guilty to the reduced charge of manslaughter in the first degree in full satisfaction of the indictment.  The issue presented is whether the proceedings arising out of the charge for murder and which led to the manslaughter conviction should have been referred in the first instance to the Family Court.

Under subdivision b of section 13 of article VI of the New York State Constitution, the Family Court shall have jurisdiction over "crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household" but only "as may be provided by law".  At the time of the charge, indictment, guilty plea and sentence, section 812 of the Family Court Act gave the Family Court "exclusive original jurisdiction over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses".  During said period, section 813 of said act provided: "Any criminal complaint charging disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household shall be transferred by the criminal court in which complaint was made to the family court in the county in which the criminal court is located, unless the family court had trans-

ferred the proceeding to the criminal court or unless the complaint is withdrawn within three days of the time it was made."

Section 811 of the Family Court Act, entitled "Finding and purpose", at the time in question, declared that, in the past, wives and other family members who suffered from disorderly conduct or assaults by other family or household members were compelled to bring a " criminal charge " to invoke a court's jurisdiction, their purpose, with few exceptions being to secure practical help and not a criminal conviction and punishment and, further, that the Family Court is better equipped to render such help, said court being authorized to enter orders of protection and support and conciliation procedures being contemplated. Chapter 736 of the Laws of 1969, effective September 1, 1969, added harassment, menacing, reckless endangerment and attempted assault to the provisions of sections 811, 812 and 813 of the Family Court Act. In *People v. Williams* (24 N Y 2d 274), it was stated that the purpose of enacting section 13 of article VI of the New York State Constitution and section 812 of the Family Court Act was to remove in the first instance from the criminal courts a limited class of offenses arising in the family milieu, in order to permit a more ameliorative and mediative role by the Family Court. Here, the victim of the crime did not survive and it would have been impossible to render " practical help " or effect a reconciliation between the spouses.

The Family Court Act simply provides more protection to the individual by removing domestic quarrels from the ambit of the criminal law (*People v. Johnson*, 20 N Y 2d 220, 225; *People ex rel. Doty v. Krueger*, 58 Misc 2d 428, affd. 32 A D 2d 845). Here, with the wife's death, no domestic quarrel remained to remove for solution or help. There was no allegation that the son of defendant and the victim were participants in or in any way involved in the "quarrel".

Appellant cites *People v. Fowlkes* (24 N Y 2d 274), wherein defendant was accused of breaking into the apartment of his wife and of stabbing her, for which he was indicted for assault, burglary and possession of a dangerous weapon. It was held that the burglary and possession charges rely on the assault, or the intent to commit it, as the only element of criminal conduct charged in the indictment (p. 286) and that " when assault and non-assault charges are inextricably related by a common element in the offenses, and not otherwise, the transaction lies in the first instance within the jurisdiction of the Family Court " (p. 287). Here, there was no assault charge.

Assault and the homicide charge are not inextricably related since there is no allegation or contention that the act complained of was not the cause of death (see *People* v. *Kane*, 213 N. Y. 260). Upon a trial for murder or manslaughter, if the act complained of is not proven to be the cause of death, the defendant may be convicted of assault in any degree constituted by said act, and warranted by the evidence (Code Crim. Pro., § 444). The principle has evolved that the submission of a lesser degree or an included crime is justified only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one (*People* v. *Mussenden*, 308 N. Y. 558, 563) and, in the instant matter, nothing is submitted to spell out a claim or justify a finding that defendant could have been found guilty of assault and not murder or manslaughter (cf. *People* v. *Thomas*, 29 A D 2d 986; *People* v. *Schiavi*, 96 App. Div. 479, 484, app. dsmd. 180 N. Y. 546). See *People* v. *McDonald* (159 N. Y. 309, 314).

The order should be affirmed.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Order affirmed.