OPINION OF THE COURT
Joseph J. Snellenburg, J.
Two child protective proceedings, one alleging child abuse by the two respondents, the other alleging child neglect by both respondents, were filed on February 5, 1982. Denials were interposed on March 8, 1982. Because of the pendency of criminal actions against the named respondents involving the acts set forth in the petitions, these proceedings were adjourned on consent. The criminal actions having terminated, petitioner now moves for sum *327 mary judgment by way of separate motions in each proceeding against each respondent.
The child abuse petition (docket No. N-23-82) alleges, in material part, that Tamara Lambert is an abused child within the meaning of section 1012 (subd [e], par [i]) of the Family Court Act in that respondents caused the child’s death on February 2, 1982. The neglect petition (docket No. N-19-82) alleges, in material part, that Debra Harrison, a half-sibling of Tamara Lambert, is a neglected child within the meaning of section 1012 (subd [f], par [i], cl [B]) of the Family Court Act in that respondents caused the death of the child’s half-sibling on February 2, 1982. The operative allegations in each petition are identical.
Petitioner’s four motions pursuant to CPLR 3212 contend that respondent Joan Lambert was indicted, tried and convicted of the crime of murder in the second degree (Penal Law, § 125.25, subd 1) (indictment No. 344-82) based upon the same acts specified in the petitions with respect to Tamara Lambert, and that Byron Harrison was indicted for the crime of assault in the second degree (Penal Law, § 120.05, subd 2) (indictment No. 343-82) and was convicted upon a guilty plea of the crime of assault in the third degree (Penal Law, § 120.00) based upon the same acts specified in the petition with respect to Tamara Lambert. Asserting that the respective convictions in the criminal actions constitute conclusive proof of the same allegations in the civil proceeding (S. T. Grand, Inc. v City of New York, 32 NY2d 300, and subsequent cases), and that evidence of abuse of Tamara Lambert by respondents and the establishment of the facts alleged in that petition make out a prima facie case of neglect with respect to Debra Harrison (Matter of Christina Maria C., 89 AD2d 855), movant seeks a finding that the respective children are abused and neglected children (Family Ct Act, § 1051, subd [a]).
The opposing affidavits by Joan Lambert’s attorney assert the existence of questions of law and fact; the opposing affidavits by Byron Harrison’s attorney point out deficiencies in the moving papers; the Law Guardian’s affidavits, citing authority, support the motions as to Tamara Lambert and oppose the motions as to Debra Harrison.
*328 Addressing petitioner’s motions in docket No. N-23-82 which seek a finding of child abuse as to Tamara Lambert, who concededly died prior to the filing of the petition, a serious question of sufficiency of the petition is presented. A motion for summary judgment searches the record (Wilkinson v Skinner, 34 NY2d 53), and requires a determination in the first instance that the child abuse petition states facts sufficient to constitute a cause of action, or, in this instance, a viable claim for relief. Child protective proceedings (Family Ct Act, art 10) are civil proceedings designed to protect children from abuse and neglect. Section 1011 of the Family Court Act clearly states the legislative intent: “This article is designed to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental and emotional well-being. It is designed to provide a due process of law for determining when the state, through its family court, may intervene against the wishes of a parent on behalf of a child so that his needs are properly met.”
Implicit in the foregoing, and essential to accomplishment of the stated purposes of the article, is a child in being. A child who dies prior to the institution of the proceeding is not in need of protective procedures afforded nor can a dispositional order fulfill the statutory purpose. Examination of both the substantive and procedural provisions clearly demonstrates that the existence of a living child is a sine qua non to prosecution of a petition, i.e., sections 1012, 1013, 1014, 1015 and 1051, and the dispositional options available under section 1052. A factual finding that a child who died prior to the filing of the petition is or was an abused child may not, as to that child, result in a dispositional order under part 5 of the child protective article. Where a petition, if established, cannot result in an order affording the petitioner any relief, no justiciable controversy is presented (“Non licit quod dispendio licet” [Coke upon Littleton, 127b]).
The issue at bar is apparently a novel one in that there are no reported decisions dealing with the maintainability of an article 10 proceeding with respect to a deceased child. Plainly petitioner’s motive in filing the abuse petition at bar was to advantage himself of the evidentiary *329 presumption afforded by section 1046 (subd [a], par [i]) of the Family Court Act in the neglect proceeding as to the half-sibling. Such motivation cannot, however, create a cause of action where none exists. Petitioner’s motions for summary judgment in docket No. N-23-82 are denied; on the court’s motion the petition is dismissed pursuant to CPLR 3211 (subd [a], par 7).
Turning to the companion motions in docket No. N-19-82 with respect to Debra Harrison, respondent Joan Lambert’s conviction after trial established her abuse of Tamara Lambert for purposes of this proceeding. Pursuant to section 1046 (subd [a], par [i]) of the Family Court Act, evidence of abuse of Tamara Lambert is admissible to establish neglect of Debra Harrison. Although no presumption is created (compare Matter of Sais, 94 Misc 2d 40), it is incumbent upon respondent to come forward with evidence negating the facts of sibling abuse which, standing alone, might well be said to create a substantial risk of harm to Debra Harrison. While application of CPLR 3212 motions to child protective proceedings has been frowned upon (Matter of Henson, 77 Misc 2d 694), and the Supreme Court in Santosky v Kramer (455 US 745) has increased the requisite standard of proof to clear and convincing evidence (cf. Family Ct Act, § 1046, subd [b[; Matter of Christine H., 114 Misc 2d 475), the court finds that the indisputable proof of respondent Joan Lambert’s abuse of Tamara Lambert is sufficient to establish that Debra Harrison is a neglected child (Matter of Christina Maria C., 89 AD2d 855, supra).
With respect to respondent Byron Harrison a different rule applies. Although he pleaded guilty to a lesser included offense in satisfaction of indictment No. 343-82, the moving papers do not establish whether such plea encompassed the allegations of the indictment and the corresponding allegation of the neglect petition. The motion for summary judgment as to this respondent is perforce denied.
Petitioner’s motions in docket No. N-23-82 are denied; the petition is dismissed on the court’s motion; the clerk is directed to enter an order. Petitioner’s motion in docket No. N-19-82 is granted as against respondent Joan Lam *330 bert; petitioner is directed to submit an order pursuant to subdivision (a) of section 1051 of the Family Court Act. Petitioner’s motion in docket No. N-19-82 is denied as against respondent Byron Harrison; the clerk is directed to schedule a fact-finding hearing.