■ In the Matter of STEPHANIE WW. and Another, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JANET WW., Appellant. [623 NYS2d 404] —Mercure, J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered January 11, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

As the result of the death of respondent's six-month-old daughter, Stephanie, on May 15, 1992, petitioner filed a petition under Family Court Act article 10 alleging that Stephanie and her two-year-old sister, Cassandra, were neglected children. Following fact-finding and dispositional hearings, Family Court made findings that both Stephanie and Cassandra were neglected children and an order was entered placing Cassandra in the custody of her grandmother for one year. Initially, we agree with respondent that Family Court erred in its finding with regard to Stephanie. In view of the underlying purpose of Family Court Act article 10 to "protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being" (Family Ct Act § 1011; see, Matter of Charles DD. [Bernard EE.], 163 AD2d 744, 747), we conclude that a neglect petition may not be brought on behalf of a deceased child (see, Matter of Lambert, 119 Misc 2d 326; see also, Matter of Minter, 132 AD2d 701; People v Brennan, 33 AD2d 139, 141 [Family Ct Act former § 812, which then provided Family Court with exclusive jurisdiction over interspousal assaults, did not apply when one of the spouses had died]).

We reject respondent's contention, however, that there was insufficient evidence to support Family Court's finding and disposition with regard to Cassandra. The fact of Stephanie's asphyxiation without discernible medical or physical cause while in respondent's exclusive care, coupled with testimony and documentary evidence concerning respondent's fabricated or exaggerated descriptions of the circumstances surrounding Stephanie's death, Stephanie's frequent hospital visits for reported medical problems that could not be substantiated by examination and test results, and the undisputed fact that respondent suffers from a mental disorder (although her premature termination of evaluation sessions prevented a precise diagnosis), demonstrate respondent's neglectful treatment of Stephanie and therefore preponderated in favor of a finding that respondent's behavior posed a threat to Cassandra's "physical, mental or emotional condition" (Family Ct Act § 1012 [f] [i] [B]; see, Family Ct Act § 1046 [a] [i]; *Matter of Michelle I.,* 189 AD2d 998, 1001; *Matter of Rachel G.,* 185 AD2d 382, 383; *Matter of Cruz,* 121 AD2d 901, 903).

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as made a finding of neglect with regard to Stephanie; petition dismissed as to Stephanie; and, as so modified, affirmed.