■ In the Matter of BABY GIRL W., a Child Alleged to be Abused and Neglected. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT W., Appellant. [666 NYS2d 346] —Casey, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered August 12, 1996,

which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

On November 16, 1993, respondent's five-month-old son died of what was later determined to be shaken baby syndrome. Respondent was ultimately convicted after a jury trial of criminally negligent homicide in connection with his son's death. On August 24, 1995, respondent and his wife had a daughter (hereinafter the child). Four days after her birth, petitioner commenced this proceeding against respondent and the child's mother alleging derivative abuse and neglect of the child as a result of the abuse and subsequent death of their son. The petition against the mother was ultimately withdrawn.

A fact-finding hearing was thereafter held during which respondent maintained, as he did during his criminal trial, that he was not responsible for his son's death. At the conclusion of the hearing Family Court found that, from the time of his son's death until the filing of the abuse and neglect petition, respondent had failed to voluntarily take any steps to obtain mental health services to address his responsibility for his son's death. Based on such finding, the court adjudicated the child to be neglected pursuant to Family Court Act § 1012 (f) (i) (B). Noting, however, that respondent had, pursuant to a September 8, 1995 order, enrolled in and successfully completed various parenting classes and counselling services between the filing of the petition and the commencement of the hearing in May 1996, as his witnesses attested to, the court released the child to the custody of her parents pursuant to Family Court Act § 1052 (a) (ii).[1]

Respondent contends that because Family Court determined that the child would not be at risk of maltreatment if left in respondent's unsupervised care, it effectively concluded that its aid was no longer required and, therefore, the petition should have been dismissed pursuant to Family Court Act § 1051 (c). Family Court Act § 1051 (c) provides that a court shall dismiss a petition if (1) "facts sufficient to sustain the petition * * * are not established", or (2) "in a case of alleged neglect, the court concludes that its aid is not required on the record before it". As the language of the statute makes clear, dismissal upon the second ground, upon which respondent is relying, is limited to cases of alleged neglect, while dismissal under the first

---

**1.** Both parties agreed to dispense with a separate dispositional hearing and Family Court relied on the evidence presented at the fact-finding hearing to arrive at its disposition.

ground is authorized in any Family Court Act article 10 proceeding.[2]

Respondent is not challenging Family Court's finding of neglect and, in fact, he admits that such finding is defensible, if not justified, in these circumstances (see, Matter of Stephanie WW., 213 AD2d 818; Matter of Cruz, 121 AD2d 901). The statute, however, does not preclude dismissal under the second ground even when there are sufficient facts to support a finding of neglect (see, Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1051, at 415; see also, Matter of Foreman, 75 Misc 2d 348). Nevertheless, we do not agree with respondent that Family Court's decision to return the child to her parents, without finding a need for supervision, was equivalent to a finding that its aid was no longer required.

An available disposition upon a finding of neglect or abuse is to place the child with his or her parent (Family Ct Act § 1052 [a] [ii]; § 1054 [a]), even when that parent is a named respondent (see, Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1054, at 436). While supervision is an option for the court in such circumstances, it is not required (see, Family Ct Act § 1054 [a]). Consequently, the conclusion respondent reached is not the only possible solution under the facts presented, as Family Court ordered a disposition specifically authorized by statute. Furthermore, nowhere in the decision did the court verbalize the express language of Family Court Act § 1051 (c). In fact, our reading of the decision is that the court wanted to preserve the finding of neglect, a circumstance which would not occur if the petition was dismissed pursuant to section 1051 (c).

While, as noted, Family Court's disposition was authorized by statute, we find, despite respondent's successful completion of court-ordered parenting courses and counselling services, that some type of periodic supervision is appropriate here (see, Family Ct Act § 1054 [a]; § 1057), especially since respondent did not admit to any responsibility for his son's death. As such, the matter should be remitted to Family Court so that an order of supervision can be entered setting forth appropriate terms and conditions which need not necessarily relate to respondent's adjudicated acts or omissions (see, Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book

---

2. In this regard, we initially find, contrary to petitioner's contention, that as the petition herein contained allegations of neglect as well as abuse, and given that Family Court made a finding of neglect, the second basis for dismissal set forth in Family Court Act § 1051 (c) is available here.

29A, Family Ct Act § 1054, at 437). This disposition is similar to respondent's alternative request on appeal that he be given a suspended judgment, which also requires the court to set forth terms and conditions with which the respondent is to comply (*compare*, Family Ct Act § 1053 [a]). Contrary to respondent's belief, a suspended judgment, like the disposition we have now ordered, would not achieve his goal of eradicating Family Court's finding of neglect and, in fact, does not even require that the child be returned to a parent.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as released the child to respondent's custody without any supervision; matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.