■ In the Matter of ALIJAH C. and Others, Alleged to be Abused and/or Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANITA C., Respondent. ANDREW M. ROTHSTEIN, as Law Guardian, Appellant. [755 NYS2d 757] —Spain, J. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered January 14, 2002, which, in a proceeding pursuant to Family Ct Act article 10, granted respondent's motion to dismiss the petition as to respondent's deceased child.

On June 2, 2001, respondent, the mother of Alijah (born in 1994), Alonzo (born in 1998) and Antonio (born in 2000), left six-month-old Antonio unattended in the bathtub in 8 to 10 inches of water while she went to look for her other two children. When she returned to the bathroom, Antonio was underwater and unconscious. She called 911 and attempted to revive him but, tragically, Antonio died at a hospital on June 6, 2001. Thereafter, on July 26, 2001, petitioner filed an abuse petition against respondent pursuant to Family Ct Act article 10 alleging that she severely abused Antonio (hereinafter the deceased child), and that the other two children were neglected by her abuse of the deceased child (*see* Family Ct Act § 1046 [a] [i]). On October 29, 2001, respondent consented to a finding of neglect as to each of the surviving children and a dispositional order was made on consent. Respondent's counsel moved to dismiss the abuse petition as it related to the deceased child; the Law Guardian and petitioner opposed the motion. Thereafter, in a written decision, Family Court granted respondent's motion and the Law Guardian now appeals.

The purpose of Family Ct Act article 10 is reflected in section 1011, which states as follows: "This article is designed to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being. It is designed to provide a due proc-

ess of law for determining when the state, through its family court, may intervene against the wishes of a parent on behalf of a child so that his needs are properly met." Interpreting that provision, this Court has held that a neglect petition cannot be brought on behalf of a deceased child because a deceased child is not in need of the protections provided in Family Ct Act article 10 (*see Matter of Stephanie WW. [Janet WW.]*, 213 AD2d 818; *see also Matter of S.B. [G.B.]*, 165 Misc 2d 632, 635). Finding no distinction between a neglect petition and an abuse petition in the context of fulfilling the purposes and discerning the scope of Family Ct Act article 10, we conclude that an abuse petition cannot be brought on behalf of a deceased child (*see generally Matter of Umer K. [Humarani A.]*, 257 AD2d 195; *see Matter of Lambert*, 119 Misc 2d 326, 328-329).

At most, under Family Ct Act article 10, a finding that a deceased child has been abused can support a derivative abuse or neglect petition on behalf of another child (*see* Family Ct Act § 1046 [a] [i]; *see also Matter of Christopher W.*, 299 AD2d 268, 268; *Matter of Anthony S. [Darrin B.]*, 280 AD2d 302, 303; *Matter of Child Welfare Admin. [Tia C.] v Marsha C.*, 225 AD2d 766), including a child born after the death of the deceased child (*see Matter of Baby Girl W. [Robert W.]*, 245 AD2d 830). However, a deceased child may not be the object of a Family Ct Act article 10 petition.

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.