[806 NE2d 491, 774 NYS2d 483]

In the Matter of ALIJAH C. and Others, Alleged to be Abused and/or Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANITA C., Respondent. ANDREW M. ROTHSTEIN, as Law Guardian, Appellant.

Argued January 6, 2004; decided February 19, 2004

## POINTS OF COUNSEL

*Andrew M. Rothstein,* Elmira, *Law Guardian.* The death of a child due to abuse or neglect should not terminate a Family Court Act article 10 proceeding regarding such child. *(Matter of Stephanie WW.,* 213 AD2d 818; *Matter of Umer K.,* 257 AD2d 195; *Matter of Lambert,* 119 Misc 2d 326.)

*Adam M. Gee,* Elmira, for Chemung County Department of Social Services, respondent. I. The severe abuse petition relating to a deceased child was improperly dismissed. *(Matter of Stephanie WW.,* 213 AD2d 818; *Matter of Christopher W.,* 299 AD2d 268; *Matter of Anthony S.,* 280 AD2d 302; *Matter of Child Welfare Admin. [Tia C.] v Marsha C.,* 225 AD2d 766; *Matter of Baby Girl W.,* 245 AD2d 830.) II. The decision of the court below dismissing the severe abuse petition involving a deceased child should be reversed.

*John H. Van Wert,* Elmira, for Anita C., respondent. The Family Court does not have authority to exercise jurisdiction over a deceased subject child in a Family Court Act article 10 abuse proceeding. *(Matter of Lambert,* 119 Misc 2d 326; *Matter of Stephanie WW.,* 213 AD2d 818.)

## OPINION OF THE COURT

CIPARICK, J.

On June 2, 2001, respondent mother left six-month-old Antonio unattended in the bathtub while she went outdoors to look for her two other children, six-year-old Alijah and two-year-old Alonzo. She left Antonio alone in a floating foam bath seat in 8 to 10 inches of water. At the time, a friend was visiting and sitting in the living room, adjacent to the bathroom. However, mother did not seek her friend's assistance in supervising Antonio while she looked for her other children. On her return—by mother's account, three minutes later—she

found Antonio submerged in the water and unconscious. Mother called 911, and the child was transported to the hospital. The child died four days later from severe brain damage caused by lack of oxygen due to the drowning.

Thereafter, petitioner Department of Social Services (DSS) filed a petition against mother pursuant to Family Court Act article 10, alleging that she committed acts of "abuse" and "severe abuse" against Antonio and that she derivatively neglected her other children, Alijah and Alonzo. Mother consented to a finding of neglect as to each of the surviving children and moved to dismiss the abuse petition filed on behalf of Antonio—the deceased child. The Law Guardian and DSS opposed the motion.

Family Court granted mother's motion to dismiss the petition as to Antonio, holding that "where an abuse petition is filed on behalf of a deceased child, the purpose of filing the petition can no longer be served and therefore such a petition must be dismissed as moot." Thereafter, a dispositional order was entered adjudicating the surviving children neglected and releasing the children to the custody of their maternal grandmother. The Law Guardian appealed Family Court's order dismissing the abuse petition as to the deceased child.

The Appellate Division affirmed (302 AD2d 838 [2003]), relying on *Matter of Stephanie WW.* (213 AD2d 818 [3d Dept 1995]), which held that a neglect petition cannot be brought on behalf of a deceased child because the subject child is no longer in need of the protections of article 10 of the Family Court Act. Finding no distinction between neglect and abuse petitions, in this context, the Appellate Division concluded that a deceased child may not be the subject of an abuse petition. We disagree and now reverse.

## Discussion

The Law Guardian and DSS contend that the dismissal of the abuse petition as to Antonio harms the surviving children because they will not have the protection afforded by Social Services Law § 384-b. Under section 384-b, mother's rights may be terminated based on "repeated abuse" if she abuses one of the surviving children within five years after Antonio's death. By contrast, mother argues that Family Court is without jurisdiction to entertain an abuse petition brought on behalf of a deceased child because the purpose of Family Court Act article 10—"to help protect children from injury or mistreatment and

to help safeguard their physical, mental, and emotional well-being" (Family Ct Act § 1011)—can no longer be served where an abuse petition names a deceased child.

We reject mother's reading of the statute as contrary to the language and intent of the Legislature in dealing with the abuse of children. First, section 1012 (e) of the Family Court Act defines an abused child as "a child less than eighteen years of age whose parent . . . (i) inflicts or allows to be inflicted upon such child physical injury by other than accidental means *which causes* or creates a substantial risk of death" (Family Ct Act § 1012 [e] [i] [emphasis added]).[1] The language of the statute plainly contemplates that abuse petitions will be brought on behalf of deceased children as it is satisfied where the person responsible for the subject child either causes the death or creates a substantial risk of death of the child (*see* Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 308).

Further, the statute provides that, in addition to making a finding of abuse, a court "may enter a finding of severe abuse or repeated abuse" as defined in Social Services Law § 384-b (8) (a) and (b), based on clear and convincing evidence, which shall be admissible in a proceeding to terminate parental rights (Family Ct Act § 1051 [e]; *see also* Family Ct Act § 1012 [j] [defining aggravated circumstances as where a child has been severely or repeatedly abused]).[2] Thus, pursuant to the statutory scheme, a child shall be adjudicated severely abused if:

> "the child has been found to be an abused child as a result of reckless or intentional acts of the parent committed under circumstances evincing a depraved indifference to human life, which result in serious physical injury to the child as defined in subdivision ten of section 10.00 of the penal law" (Social Ser-

---

1. Compare the definition of abuse with that of neglect, which requires that a child's "physical, mental or emotional condition" be impaired or be "in imminent danger of becoming impaired" or that a child be abandoned (*see* Family Ct Act § 1012 [f] [i], [ii]). We underscore that the issue before us is limited to abuse. We do not consider whether a deceased child can be the subject of a neglect petition (*see Matter of Stephanie WW.*, 213 AD2d 818 [3d Dept 1995]).

2. As to quantum of proof, see Family Court Act § 1046 (b) (i) and (ii), providing that a determination that a child is abused must be based on a preponderance of the evidence and, by contrast, a determination of severe or repeated abuse is to be supported by clear and convincing evidence.

vices Law § 384-b [8] [a] [i]; *see also* Family Ct Act § 1051 [e]).

Serious physical injury includes "physical injury which creates a substantial risk of death, or *which causes death* or serious and protracted disfigurement" of the child (Penal Law § 10.00 [10] [emphasis added]). In drafting these sections, the Legislature clearly demonstrated an intent to bring deceased children within the ambit of the Family Court Act in order to protect the health and safety of children whose siblings have died at the hands of a parent or caretaker.[3]

The Legislature's express incorporation of the Social Services Law definition of "repeatedly abused" into the Family Court Act further reflects its intent to create a child-protective system wherein the adjudication of a deceased child as abused or severely abused becomes paramount in termination of parental rights proceedings as to surviving children (*see* Family Ct Act § 1051 [e]). Social Services Law § 384-b (4) (e) provides that parental rights shall be terminated upon a showing that the parent "repeatedly abused" the subject child. The statute defines a child as " 'repeatedly abused' " where, as pertinent here:

"(i) the child has been found to be an abused child . . . as a result of such parent's acts . . . and

"(ii) (A) *the child or another child for whose care such parent is or has been legally responsible has been previously found, within the five years immediately preceding the initiation of the proceeding in which such abuse is found, to be an abused child*, as defined in . . . the family court act, as a result of such parent's acts" (Social Services Law § 384-b [8] [b] [i], [ii] [A] [emphasis added]).

We thus reject the contention that a deceased child cannot be the subject of an abuse petition. Clearly, siblings of a child killed by abuse are within the class of children the Legislature sought to protect in enacting Social Services Law § 384-b, enhancing

---

3. Our discussion is not limited to siblings, as presented in this case, but includes half-siblings and children under the care of a person who has abused another child for whom such person has been "legally responsible" (*see* Family Ct Act § 1012 [g] [defining "Person legally responsible" to include "the child's custodian, guardian, (or) any other person responsible for the child's care at the relevant time"]; *see also People v Carroll*, 93 NY2d 564, 569 [1999]).

the protective purposes of article 10 of the Family Court Act.[4] As one commentator has stated, "[i]t is logical and appropriate to assume that acts of abuse or neglect committed against one child in the household jeopardize all children similarly situated" (Sobie, 2003 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, 2004 Pocket Part, at 98).

As we recently stated in *Matter of Marino S.* (100 NY2d 361, 375 [2003]), that "[i]t would be unthinkable to interpret the Social Services Law so that a derivative finding [of abuse] can be made when a parent assaults a sibling, but not when the parent rapes a sibling or seriously injures her under circumstances evincing a depraved indifference to her life," it would similarly be unthinkable to read article 10 of the Family Court Act so that it triggers termination of parental rights proceedings to protect surviving children only where a parent inflicts serious physical injury short of death on another child, but not where abuse is so severe that the child dies. Moreover, if the petition is dismissed, there may be no judicial determination as to the facts and circumstances surrounding the child's death. While evidence of the event may be relevant in some future proceeding, any subsequent inquiry will be bereft of findings that should be a matter of record rather than left to be reconstructed. The petition alleging that mother committed acts of "abuse" and "severe abuse" against Antonio causing his death should thus be allowed to proceed to ensure the safety and welfare of the surviving children.

Accordingly, the order of the Appellate Division should be reversed, without costs, and mother's motion to dismiss the abuse petition as to the deceased child denied.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO and READ concur; Judge R.S. SMITH taking no part.

Order reversed, etc.

---

4. Chapter 7 (§ 9) of the Laws of 1999 amended Social Services Law § 384-b to include the following statement of legislative intent: "The legislature recognizes that the health and safety of children is of paramount importance" (Social Services Law § 384-b [1] [a]).