In the Matter of EILEEN M.H. and Another, Infants. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBBIE H., Appellant. [844 NYS2d 743]—Appeal from an order of the Family Court, Oneida County (David A. Murad, A.J.), entered September 12, 2006. The order, among other things, committed the guardianship and custody of the children to petitioner and authorized petitioner to consent to the adoption of the children without further notice to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in the decision at Family Court. Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.

In the Matter of DAMIEN S., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELISSA S., Respondent, and JOHN S., Appellant. [844 NYS2d 790]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 27, 2006 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, adjudged that respondent John S. abused his son.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of respondent father in this proceeding pursuant to Family Court Act article 10, the weight of the evidence supports the finding of Family Court that he abused his child (see generally § 1046 [b] [i]). Petitioner established a prima facie case of child abuse by presenting evidence that the child suffered from shaken baby syndrome, an injury that "would ordinarily not occur absent an act or omission of [the father], and . . . that [he was] the caretaker[ ] of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243 [1993]; see Family Ct Act § 1046 [a] [ii]). Although the father attempted to meet his burden of rebutting that prima facie case by presenting evidence that other persons were present in the household when the child's injury occurred (see generally Philip M., 82 NY2d at 244), the court found that none of those persons was responsible for the abuse. "[W]e find no basis upon which to disturb [that] finding, which was based primarily on the court's resolution of credibility" (Matter of Seamus K., 33 AD3d 1030, 1033 [2006]). Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.