■ In the Matter of RILEY II., Alleged to be a Severely Abused Child. WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES,

Appellant; SIERRA II., Respondent. [890 NYS2d 178]—Lahtinen, J.

Following a lengthy hearing, Family Court rendered a detailed decision in which it found that respondent, the 17-year-old mother of a son (born in 2007), had neglected and abused the child. However, the court was not persuaded that petitioner established its allegation of severe abuse under the higher standard of proof necessary to establish such conduct (see Family Ct Act § 1046 [b] [ii]). Petitioner appeals from so much of the order as found that the child was not severely abused.

During the time this appeal was pending, respondent voluntarily surrendered her parental rights freeing the child for adoption. Petitioner's appeal, which petitioner argued in its brief would, if successful, relieve it from attempting to reunite the child with respondent and make freeing the child for adoption a more appropriate permanency goal, is now moot (see Matter of Simeon F., 58 AD3d 1081, 1081-1082 [2009], lv denied 12 NY3d 709 [2009]). The exception to the mootness doctrine does not apply and, unlike Matter of Alijah C. (1 NY3d 375, 377 [2004]), petitioner has no other children. We find petitioner's assertions in its reply brief that respondent might successfully challenge her judicial surrender in the future or that she might subsequently have another child and that such child might require the protection of Family Ct Act article 10 too speculative to constitute an exception to the mootness doctrine. In any event, even if the mootness doctrine did not apply, our review of the record, together with according deference to the credibility determinations of the trier of fact (see Matter of Zachary MM., 276 AD2d 876, 881 [2000]), does not persuade us that Family Court erred in its determination on the issue of severe abuse.

Cardona, P.J., Spain, Stein and McCarthy, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.