■ In the Matter of Jezekiah R.-A. and Another. Erie County Department of Social Services, Respondent; Edwin R.-E., Appellant, et al., Respondents. (Appeal No. 2.) [910 NYS2d 806]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 2, 2009 in a proceeding pursuant to Family Court Act article 10. The order, among other things, determined the subject children to be severely abused.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the findings of severe abuse with respect to Jezekiah R.-A. and derivative severe

abuse with respect to Jose R.-A. and as modified the order is affirmed without costs.

Memorandum: These consolidated appeals arise from two related child protective proceedings pursuant to article 10 of the Family Court Act. Appeal No. 1 concerns a petition alleging, inter alia, that respondent father derivatively abused and severely abused Baby Girl A., the daughter of respondent mother, while appeal No. 2 concerns a petition alleging that the father and other respondents abused and severely abused Jezekiah R.-A and derivatively abused and severely abused Jose R.-A, the children of both the father and the mother. With respect to the order in appeal No. 1, the father has not raised any issues concerning that order in his brief on appeal, and we thus deem any such issues abandoned (see Matter of Sportello v Sportello [appeal No. 1], 70 AD3d 1446 [2010]; Ciesinski v Town of Aurora, 202 AD2d 984 [1994]).

We reject the contention of the father in appeal No. 2 that the court erred in finding that Jezekiah was abused and that Jose was derivatively abused. Petitioner established by the requisite preponderance of the evidence that Jezekiah sustained injuries consistent with shaken baby syndrome, including a corner fracture of his right femur, bilateral subdural hematomas, and retinal hemorrhages (see generally Family Ct Act § 1046 [b] [i]). In addition, the physician who examined him opined that some of the hematomas were days or weeks older than others, and that the fracture preceded the most recent hematoma. None of the explanations offered by the child's mother or father to the child protective caseworker was consistent with the nature and severity of the injuries (see Matter of Devre S. [Carlee C.], 74 AD3d 1848, 1849 [2010]). The father declined to testify at the fact-finding hearing, and thus the court was entitled to draw "the strongest inference [against him] that the opposing evidence permits" (Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]). Petitioner also established by the requisite preponderance of the evidence that Jose was derivatively abused, i.e., petitioner established that the abuse of Jezekiah "is so closely connected with the care of [Jose] as to indicate that the second child is equally at risk" (Matter of Marino S., 100 NY2d 361, 374 [2003], cert denied sub nom. Marino S. v Angel Guardian Children & Family Servs., Inc., 540 US 1059 [2003]; see Devre S., 74 AD3d at 1849; Family Ct Act § 1046 [a] [i]).

We agree with the father in appeal No. 2, however, that there is insufficient evidence that Jezekiah was severely abused by him inasmuch as Jezekiah was also in the care of the mother

and grandparents during the relevant time period. It is well settled that severe abuse may be found if "the child has been found to be an abused child as a result of reckless or intentional acts of the parent committed under circumstances evincing a depraved indifference to human life, which result in serious physical injury to the child as defined in [Penal Law § 10.00 (10)]" (Social Services Law § 384-b [8] [a] [i]; *see Matter of Alijah C.*, 1 NY3d 375, 378-379 [2004]). Furthermore, pursuant to Family Court Act § 1046 (b) (ii) and § 1051 (e), a finding of severe abuse must be supported by clear and convincing evidence (*see Alijah C.*, 1 NY3d at 378 n 2). Although the evidence supports a finding that Jezekiah was abused, we cannot conclude on the record before us that there is clear and convincing evidence establishing that the father acted under circumstances evincing a depraved indifference to human life, and thus we agree with the father that the evidence of severe abuse with respect to Jezekiah is insufficient (*cf. Matter of Jamaal NN.*, 61 AD3d 1056 [2009], *lv denied* 12 NY3d 711 [2009]). For the same reasons, we further conclude in appeal No. 2 that the finding that the father derivatively severely abused Jose is not supported by the requisite clear and convincing evidence (*see generally Marino S.*, 100 NY2d at 374-375). We therefore modify the order in appeal No. 2 accordingly. In view of our determination, we need not address the father's remaining contention in appeal No. 2. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.