■ In the Matter of PHILLIPS N., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JOY N., Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of ELIZABETH N., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHIDI N., Respondent, et al., Respondent. (Proceeding No. 2.) In the Matter of ANTHONY N., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHIDI N., Respondent, et al., Respondent. (Proceeding No. 3.) [961 NYS2d 216]—

In three related child protective proceedings pursuant to Family Court Act article 10, the subject children appeal from an order of disposition of the Family Court, Queens County (Arias, J.), dated January 31, 2012, which, after a fact-finding hearing, upon the denial of that branch of their motion which was to dismiss the petitions against the mother pursuant to Family Court Act § 1051 (c) on the ground that the aid of the court was not required, upon a finding that the mother had neglected the children, and upon the denial of that branch of their motion which was for a suspended judgment pursuant to Family Court Act § 1053, inter alia, released them to the custody of the mother and the father under the supervision of the Administration for Children's Services.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petitioner commenced the instant proceedings against the mother and father, alleging that they had neglected and abused their daughter and had neglected and derivatively

abused their two sons. The charges stemmed from an incident in which the mother allegedly hit the daughter in the face with a shoe and a hanger, causing visible injuries. On consent of all parties, the Family Court granted the father a six-month adjournment in contemplation of dismissal.

After a fact-finding hearing, but before the Family Court entered an order of neglect, the subject children moved to dismiss the petitions against the mother on the ground that the aid of the court was not required (*see* Family Ct Act § 1051 [c]). Alternatively, the children moved for a suspended judgment at disposition (*see* Family Ct Act § 1053). The Family Court denied that branch of the motion which was to dismiss the petitions against the mother and, upon a finding that the mother had neglected the children, denied that branch of the motion which was for a suspended judgment and entered a dispositional order, inter alia, releasing the children to the mother and the father under the supervision of the petitioner. The children appeal.

Family Court Act § 1051 (c) provides that a court shall dismiss a petition if (1) "facts sufficient to sustain the petition . . . are not established," or (2) "in a case of alleged neglect, the court concludes that its aid is not required on the record before it" (*see Matter of Baby Girl W.*, 245 AD2d 830 [1997]; *Matter of Angela D.*, 175 AD2d 244 [1991]). Contrary to the children's contention, the Family Court did not improvidently exercise its discretion in denying that branch of their motion which was to dismiss the petitions against the mother on the ground that the aid of the court was not required. Despite the mother's successful completion of parental skills training and anger management counseling, the court properly found that some type of supervision was appropriate, especially since the mother never admitted responsibility for her daughter's injuries (*see Matter of Baby Girl W.*, 245 AD2d 830 [1997]; *cf. Matter of Eustace B. [Shondella M.]*, 76 AD3d 428 [2010]).

Similarly, the Family Court did not improvidently exercise its discretion in denying that branch of the children's motion which was for a suspended judgment at disposition. " 'The paramount concern in a dispositional hearing is the best interests of the child. The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect' " (*Matter of Eric Z. [Guang Z.]*, 100 AD3d 646, 648 [2012], quoting *Matter of Lemar H.*, 23 AD3d 383, 384 [2005]). The Family Court's credibility determinations are entitled to considerable deference, since it had the advantage of seeing and hearing the witnesses (*see Matter of Lannaman v*

*Minus*, 96 AD3d 756, 757 [2012]; *Matter of Yanni D. [Hope J.]*, 95 AD3d 1313 [2012]). Under the circumstances presented here, particularly considering the mother's failure to admit responsibility, we perceive no basis to disturb the Family Court's determination that it would not be in the children's best interests to enter a suspended judgment. Mastro, J.P., Austin, Roman and Cohen, JJ., concur.