# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1253**
**CAF 13-01169**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF ZOE L. AND MAKELA L.
--------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

                                    MEMORANDUM AND ORDER

MELISSA L. AND MATTHEW E.,
RESPONDENTS-APPELLANTS.
(APPEAL NO. 1)

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT MELISSA L.

R. THOMAS BURGASSER, PLLC, NORTH TONAWANDA (R. THOMAS BURGASSER OF COUNSEL), FOR RESPONDENT-APPELLANT MATTHEW E.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeals from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered May 22, 2013 in proceedings pursuant to Family Court Act article 10. The order adjudged that respondents had abused and severely abused Zoe L., and derivatively abused and derivatively severely abused Makela L.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law and the facts by vacating the findings that respondent Matthew E. abused Zoe L. and derivatively abused Makela L. and by vacating the findings of severe abuse with respect to Zoe L. and derivative severe abuse with respect to Makela L. and the petition is dismissed against respondent Matthew E., and as modified the order is affirmed without costs in accordance with the following Memorandum: These consolidated appeals arise from two related child protective proceedings pursuant to article 10 of the Family Court Act. Zoe L. is the younger sister of Makela L., respondent Melissa L. (mother) is the mother of both children, and respondent Matthew E. (Matthew) is the father of Makela L. but not Zoe L. By the order in appeal No. 1, Family Court concluded, following a fact-finding hearing, that respondents abused and severely abused Zoe L., and that respondents derivatively abused and derivatively severely abused Makela L. By the order in appeal No. 2, the court denied respondents' requests for a suspended judgment.

With respect to appeal No. 1, we note at the outset that we agree

with the mother that she is aggrieved by the order to the extent that it concerns the fact-finding hearing despite the fact that she entered into a contract for services in lieu of a dispositional hearing, and thus her appeal is properly before us (*see Matter of Child Welfare Admin. v Jennifer A.*, 218 AD2d 694, 695, *lv denied* 87 NY2d 804). Contrary to the contention of the mother, however, we conclude that petitioner established a prima facie case of abuse with respect to Zoe L. against her (*see Matter of Damien S.*, 45 AD3d 1384, 1384, *lv denied* 10 NY3d 701; *see also Matter of Philip M.*, 82 NY2d 238, 243), and that there is no basis upon which to disturb that finding, which was based primarily on the court's assessment of credibility (*see Damien S.*, 45 AD3d at 1384; *see generally Matter of Irene O.*, 38 NY2d 776, 777). Petitioner also established by a preponderance of the evidence that Makela L. was derivatively abused by the mother (*see Matter of Jezekiah R.-A. [Edwin R.-E.]*, 78 AD3d 1550, 1551). We also conclude, however, that the findings of the court that Matthew abused Zoe L. and derivatively abused Makela L. are against the weight of the evidence inasmuch as we cannot agree with the court's credibility determinations in this respect (*cf. Damien S.*, 45 AD3d at 1384), and we therefore modify the order in appeal No. 1 accordingly. We further conclude that there is insufficient evidence that Zoe L. was severely abused by the mother or Matthew (*see Jezekiah R.-A.*, 78 AD3d at 1552). For the same reasons, we conclude that there is insufficient evidence that the mother or Matthew derivatively severely abused Makela L. (*see id.*), and we therefore further modify the order in appeal No. 1 accordingly. We have considered the remaining contentions of the parties with respect to appeal No. 1 and conclude that they are without merit or are academic in light of our determination.

Turning to appeal No. 2, we note that the mother has not raised any issues with respect to this order in her brief on appeal, and we thus deem any such issues abandoned (*see id.* at 1551). Inasmuch as the issue whether the court erred in denying Matthew's request for a suspended judgment is moot in light of our decision in appeal No. 1, we dismiss Matthew's appeal from the order in appeal No. 2.

Entered: November 21, 2014　　　　　　　　　　　　Frances E. Cafarell
　　　　　　　　　　　　　　　　　　　　　　　　　　Clerk of the Court