# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1232**
**CAF 14-00880**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ZARHIANNA K.
-----------------------------------------------
ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,         MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

FRANK K., RESPONDENT-APPELLANT.

---

JOHN J. RASPANTE, UTICA, FOR RESPONDENT-APPELLANT.

LISA P. DENMAN, UTICA, FOR PETITIONER-RESPONDENT.

PAUL SKAVINA, ATTORNEY FOR THE CHILD, ROME.

---

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered March 21, 2014 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent abused the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent father appeals from an order determining, inter alia, that he abused the subject child. Contrary to the father's contention, we conclude that Family Court's determination is supported by a preponderance of the evidence. Petitioner established a prima facie case of child abuse by submitting evidence that the child sustained injuries that "would ordinarily not occur absent an act or omission of [the father], and . . . that [the father was] the caretaker[] of the child at the time the injury occurred" (*Matter of Philip M.*, 82 NY2d 238, 243; *see* Family Ct Act § 1046 [a] [ii]), and the father failed to rebut the presumption that he was responsible for the child's injuries (*see Matter of Devre S. [Carlee C.]*, 74 AD3d 1848, 1849; *Matter of Damien S.*, 45 AD3d 1384, 1384, *lv denied* 10 NY3d 701).

The father contends that the order on appeal is ambiguous and does not clearly state whether there was a finding of abuse. We reject that contention. The order unambiguously states that the court determined that the subject child was "abused . . . as defined in section 1012 (e) (i) of the Family Court Act by [the father]." Contrary to the father's further contention, we conclude that the court's decision properly set forth the grounds for its determination (*see Matter of Jose L.I.*, 46 NY2d 1024, 1025-1026; *Matter of Dezarae*

*T. [Lee V.]*, 110 AD3d 1396, 1399).

Entered: November 20, 2015

Frances E. Cafarell
Clerk of the Court