Matter of Elizabeth LL. (Thomas OO.) (2019 NY Slip Op 05612)





Matter of Elizabeth LL. (Thomas OO.)


2019 NY Slip Op 05612


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

527515

[*1]In the Matter of ELIZABETH LL. and Another, Alleged to be Severely Abused, Abused and/or Neglected Children. WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; THOMAS OO., Respondent.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark and Devine, JJ.


Roger A. Wickes, County Attorney, Fort Edward (Daniel S. Martindale of counsel), for appellant.
Michelle I. Rosien, Philmont, for respondent.
Christopher J. Obstarczyk, Latham, attorney for the children.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Family Court of Washington County (Michelini, J.), entered January 19, 2018, which, in a proceeding pursuant to Social Services Law § 284-b, partially denied petitioner's motion for summary judgment.
Respondent was arrested and charged in 2016 with sexually abusing and engaging in other inappropriate activity toward his daughter (born in 2001). Petitioner commenced this proceeding in 2017, alleging that respondent had severely abused, abused and neglected the daughter and that he derivatively severely abused and/or abused, as well as neglected, his son (born in 2001) by another mother. Respondent thereafter pleaded guilty to attempted rape in the first degree and admitted that he had attempted to engage in sexual intercourse with another person by forcible compulsion. Petitioner relied upon the conviction to move for summary judgment. Family Court granted the motion in part and determined that respondent's guilty plea and admissions during the plea colloquy established his neglect of the daughter. Inasmuch as respondent had only pleaded guilty to an attempt to commit one of the crimes constituting severe abuse and abuse (see Family Ct Act § 1012 [e] [iii] [A]; Social Services Law § 384-b [8] [a] [ii]), and the plea colloquy provided no factual details as to the attempted rape or whether the son was aware of it, Family Court found that a hearing was required on the remaining issues. Petitioner appeals from that order.
Following the issuance of the appealed-from order, the parties entered into a stipulation that resolved the outstanding issues and resulted in an order adjudicating the daughter to be severely abused, abused and neglected and the son derivatively abused and neglected. The foregoing renders petitioner's appeal moot (see Matter of Stephen RR. [Christa TT.], 169 AD3d 1190, 1191 [2019]; Matter of Riley II. [Sierra II.], 68 AD3d 1312, 1313 [2009]). We do not agree with petitioner that this appeal falls within the "exception to the mootness doctrine, permitting judicial review, where the issues are substantial or novel, likely to recur and capable of evading review" (City of New York v Maul, 14 NY3d 499, 507 [2010]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). The only reason that the issues cannot be reviewed here is that petitioner entered into the stipulation; otherwise, review could have been had on this appeal or on one taken from a final order rendered after a hearing (see Family Ct Act § 1112 [a]). Moreover, respondent reserved his right to argue that this appeal was moot as a term of the stipulation (compare Matter of Tompkins County [Tompkins County Deputy Sheriffs' Assn., Inc.], 126 AD3d 1156, 1157 [2015], with Matter of Poremba v Poremba, 93 AD3d 1115, 1116 [2012]). Petitioner has accordingly raised issues that "may well be substantial and recurrent," but will not "typically evade[] review," and it follows that the appeal must be dismissed (Wisholek v Douglas, 97 NY2d 740, 742 [2002]; see Matter of Stephen RR. [Christa TT.], 169 AD3d at 1191).
Egan Jr., J.P., Lynch and Clark, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.