Matter of Zelda UU. (Amanda VV.) (2022 NY Slip Op 01076)





Matter of Zelda UU. (Amanda VV.)


2022 NY Slip Op 01076


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

532070
[*1]In the Matter of Zelda UU., Alleged to be a Neglected Child. Schoharie County Department of Social Services, Respondent; Amanda VV. et al., Respondents. Attorney for the Child, Appellant.

Calendar Date:January 7, 2022

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

Veronica Reed, Schenectady, attorney for the child, appellant.
Schoharie County Department of Social Services, Schoharie (David P. Lapinel of counsel), for Schoharie County Department of Social Services, respondent.
Barrett D. Mack, Albany, for Amanda VV., respondent.
Mark J. Gaylord, Schenectady, for Samuel UU., respondent.



Aarons, J.
Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered July 24, 2020, which, in a proceeding pursuant to Family Ct Act article 10, temporarily removed the subject child from temporary placement.
Respondents are the parents of a child (born in 2020). Two days after the child's birth, respondents consented to a temporary placement of the child in petitioner's care and custody. Petitioner thereafter commenced this proceeding alleging that respondents neglected the child. At the request of the attorney for the child (hereinafter AFC), a hearing under Family Ct Act § 1027 (a) (ii) was then held. After the hearing started, the parties agreed to adjourn it so that petitioner could investigate possibly placing the child with the child's maternal aunt and uncle. When the hearing resumed, the parties stipulated that the child would be placed with the maternal aunt and uncle. Approximately three months later, petitioner moved, via order to show cause, to have the child removed from the care of the maternal aunt and uncle and placed in its care and custody. Petitioner subsequently submitted an amended motion seeking essentially the same relief as the original one. The AFC opposed the amended motion.[FN1] In a July 2020 order, Family Court granted the amended motion. The AFC appeals.
The AFC has advised this Court that, in September 2021, respondents executed conditional surrenders of their parental rights and that the permanency goal was changed to freeing the child for adoption. In view of this, the AFC's appeal from the July 2020 order has been rendered moot (see Matter of Nevaeh A. [Shannon D.], 144 AD3d 1431, 1431 [2016]; Matter of Riley II. [Sierra II.], 68 AD3d 1312, 1313 [2009]). Contrary to the AFC's assertion, the exception to the mootness doctrine does not apply (see Matter of Tyrell FF. [Jaquasisa GG.], 166 AD3d 1331, 1332-1333 [2018], appeal dismissed 33 NY3d 1063 [2019]; Matter of Eyon X. [Ashley W.], 163 AD3d 1145, 1146 [2018]).
Garry, P.J., Egan Jr. and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: Respondents did not submit any formal written opposition papers and instead orally opposed the amended motion.