Matter of Kevin V. (2024 NY Slip Op 03653)

Matter of Kevin V.

2024 NY Slip Op 03653

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

500 CAF 23-00697

[*1]IN THE MATTER OF KEVIN. WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; RYEN V., RICHARD L., RESPONDENTS, AND SARAH L., RESPONDENT-APPELLANT.

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR RESPONDENT-APPELLANT. 
JACQUELINE A. MCCORMICK, LYONS, FOR PETITIONER-RESPONDENT.
SUSAN E. GRAY, CATONSVILLE, MARYLAND, ATTORNEY FOR THE CHILD.

Appeal from an order of the Family Court, Wayne County (Richard M. Healy, J.), entered March 20, 2023, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondents had abused the subject child and placed respondents under the supervision of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of disposition that, although now expired, brings up for review the underlying corrected fact-finding order wherein Family Court found that respondents abused the subject child (see Matter of Deseante L.R. [Femi R.], 159 AD3d 1534, 1535 [4th Dept 2018]; Matter of Syira W. [Latasha B.], 78 AD3d 1552, 1552 [4th Dept 2010]). The mother contends that the court erred in determining that the child was abused by her within the meaning of Family Court Act §§ 1012 (e) and 1046 (a) (ii) because the child had multiple caregivers during the relevant time period. We reject that contention.
As relevant here, the Family Court Act defines an abused child as a child less than 18 years old "whose parent or other person legally responsible for [the child's] care . . . inflicts or allows to be inflicted upon such child physical injury by other than accidental means which causes or creates a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ" (Family Ct Act § 1012 [e] [i]). Section 1046 (a) (ii) "provides that a prima facie case of child abuse . . . may be established by evidence . . . (1) [of] an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243 [1993]; see Matter of Grayson R.V. [Jessica D.] [appeal No. 2], 200 AD3d 1646, 1648 [4th Dept 2021], lv denied 38 NY3d 909 [2022]). Although the petitioner bears the burden of proving child abuse by "a preponderance of evidence" (§ 1046 [b] [i]), the statute "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" and, therefore, once the petitioner "has established a prima facie case, the burden of going forward shifts to [the] respondents to rebut the evidence of parental culpability" (Philip M., 82 NY2d at 244; see Grayson R.V., 200 AD3d at 1648).
Here, we conclude that petitioner established that the child suffered multiple injuries that "would ordinarily not occur absent an act or omission of respondents" (Philip M., 82 NY2d at [*2]243; see Grayson R.V., 200 AD3d at 1648). Specifically, when the child was almost six months old, he was diagnosed with acute on chronic subdural hematoma, ruptured bridging veins, bulging fontanel, retinal hemorrhages, and bruising on the back (see Matter of Leonard P. [Patricia M.], 222 AD3d 1443, 1444 [4th Dept 2023], lv denied 41 NY3d 905 [2024]; Matter of Jezekiah R.-A. [Edwin R.-E.], 78 AD3d 1550, 1551 [4th Dept 2010]). Petitioner presented the unrebutted testimony of the attending physician and the child abuse specialist pediatrician who examined the child at the pediatric emergency department and reviewed the child's medical records, each of whom concluded that the child sustained non-accidental, inflicted trauma not consistent with routine activities of daily living, self-inflicted injury, or accidental injury (see Leonard P., 222 AD3d at 1444; Grayson R.V., 200 AD3d at 1648). Additionally, the child abuse specialist pediatrician opined that the child had "suffered multiple traumas" rather than only one (see Grayson R.V., 200 AD3d at 1648; Jezekiah R.-A., 78 AD3d at 1551).
We further conclude that petitioner established that "respondents were the caretakers of the child at the time the injur[ies] occurred" (Philip M., 82 NY2d at 243). Contrary to the mother's contention, petitioner's "inability . . . to pinpoint the time and date of each injury and link it to an individual respondent [is not] fatal to the establishment of a prima facie case" of abuse (Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 73 [1st Dept 2012]; see Grayson R.V., 200 AD3d at 1648-1649; Matter of Avianna M.-G. [Stephen G.], 167 AD3d 1523, 1523-1524 [4th Dept 2018], lv denied 33 NY3d 902 [2019]). Instead, "[t]he 'presumption of culpability [created by section 1046 (a) (ii)] extends to all of a child's caregivers, especially when they are few and well defined, as in the instant case' " (Avianna M.-G., 167 AD3d at 1524). Petitioner established in this case that respondents " 'shared responsibility for [the child's] care' during the time period in which the injuries were sustained . . . , and the 'presumption of culpability extends' " to all three of them (Grayson R.V., 200 AD3d at 1649; see Leonard P., 222 AD3d at 1444; Matthew O., 103 AD3d at 74-75).
In response to petitioner's prima facie case of child abuse, respondents " 'fail[ed] to offer any explanation for the child's injuries' and simply denied inflicting them" (Grayson R.V., 200 AD3d at 1649, quoting Philip M., 82 NY2d at 246). We therefore conclude that, as the court properly determined, the mother failed to rebut the presumption of culpability (see Leonard P., 222 AD3d at 1444; Grayson R.V., 200 AD3d at 1649; Avianna M.-G., 167 AD3d at 1524).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court