■ In the Matter of JORELA L. and Others, Children Alleged to be Abused and/or Neglected. LATICIA L. et al., Appellants; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [635 NYS2d 584] —Orders, Family Court, Bronx County (Marjory Fields, J.), entered on or about June 1, 1992, which placed respondents' four children with the Commissioner of Social Services for a period of 12 months, upon a fact-finding determination that respondents' daughter Beverly died as a result of child abuse and that the remaining children were at risk of abuse and neglect by respondents; order, same court and Judge, entered on or about August 19, 1993, which extended placement of the four children; and order, same court and Judge, entered on or about July 5, 1994, which placed an afterborn son with the Commissioner for a period of 12 months, upon a fact-finding determination making a derivative finding of abuse of that child, unanimously affirmed, without costs.

A preponderance of the credible evidence established that respondents abused their three-month old daughter Beverly which resulted in her death (Family Ct Act § 1046 [a] [ii]; see, Matter of Philip M., 82 NY2d 238, 243-244). There was proof that she sustained four rib fractures and a possible forearm fracture that had healed without having received medical attention. The uncontroverted medical testimony revealed that the immediate cause of the infant's death was aspiration of vomit into her lungs which caused asphyxiation. The court properly credited petitioner's two medical experts who found that all of the above injuries were the result of child abuse, and not of a Cesarean birth, a fall off a bed, or from a two year old sister pulling on her arm, as explained by respondents. The court's rejection of the medical examiner's conclusions that the cause of death was natural and that the child had not been

abused, was proper in view of the overwhelming evidence of injuries that were of a nature that would ordinarily not occur but for the acts or omissions of respondents (Family Ct Act § 1046 [a] [ii]).

The derivative finding was also proper as there is no need to find physical injuries with respect to siblings of an abused child (Family Ct Act § 1046 [a] [i]; *see, Matter of Vincent M.*, 193 AD2d 398, 404).

We have considered respondents' remaining contentions and find them to be without merit. The goal for all the children should continue to be to place them in respondents' custody. Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Tom, JJ.