■ In the Matter of QUINCY Y. and Another, Children Alleged to be Abused. DENISE Y., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [714 NYS2d 293] —Orders of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about November 19, 1996, which, upon fact-finding determinations of direct and derivative abuse, placed respondent's son, Quincy Y., with the Commissioner of Social Services for a period of 12 months and placed respondent's daughter, Destiny Y., with her father for a period of 12 months, unanimously affirmed, as to the fact-finding determinations, and the remainder of the appeals, respecting the disposition of the children, unanimously dismissed, as academic, all without costs.

A preponderance of the credible evidence established that respondent abused her daughter, Destiny, who sustained a severe and inadequately explained second-degree head burn while in respondent's care (*see,* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d 238, 243-244; *Matter of Jorge S.*, 211 AD2d 513, *lv denied* 85 NY2d 810). The finding of abuse with respect to Destiny is additionally warranted by respondent's failure to seek prompt medical attention for Destiny, which omission required Destiny's hospitalization for a period of weeks when the untreated burn became infected.

Also proper under the circumstances of this case was the derivative finding of abuse with respect to respondent's son Quincy. Proof of physical injury was not necessary as to the directly abused child's sibling (*see,* Family Ct Act § 1046 [a] [i]; *Matter of Jorela L.*, 222 AD2d 282, 283).

Respondent's challenge to the placements directed in the appealed order is academic since the one-year term of those placements has expired and subsequent orders extending the children's placements have been entered (*see, Matter of Angelina E.*, 213 AD2d 346, 347; *Matter of Jorge S., supra*).

On the totality of the existing record, it is clear that respondent received effective assistance of counsel in this matter. Concur—Williams, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.