Order of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about December 8, 2009, which, to the extent appealed from, brings up for review a fact-finding determination that respondent-appellant mother derivatively abused and neglected the subject children, unanimously affirmed, without costs.
The derivative findings of abuse and neglect as to the subject children are supported by a preponderance of the evidence. The record demonstrates that there has been no change of circumstances since the previous finding that appellant had severely and repeatedly abused an older sibling, and, therefore, “a substantial likelihood exists that the established pattern will continue” (Matter of Kimberly H., 242 AD2d 35, 39 [1st Dept 1998]). The record does show that appellant took anger management and parenting classes while she was incarcerated for physically abusing the older brother. The caseworker’s unrefuted testimony, however, demonstrates that appellant has never acknowledged what she did to that child and that her actions left that child brain damaged, which supports the conclusion that she has a faulty understanding of the duties of parenthood sufficient to infer an ongoing danger to the subject children (see Matter of Umer K., 257 AD2d 195, 199 [1st Dept 1999]). In light of the nature and severity of the abuse appellant inflicted upon the children’s older brother, the finding of derivative abuse with respect to the subject children was proper, even absent direct evidence that she had actually abused them (see Matter of Quincy Y., 276 AD2d 419 [1st Dept 2000]).
Contrary to appellant’s contention, the finding of derivative abuse is not undermined by the facts that neither of the subject children was born at the time of the prior abuse and that over *554 five years have elapsed since that finding was entered against her. The record demonstrates that her “parental judgment and impulse control are so defective as to create a substantial risk of harm to any child in [her] care” (Matter of Kylani R. [Kyreem B.], 93 AD3d 556, 557 [1st Dept 2012]; see Matter of Nia J. [Janet Jordan P.], 107 AD3d 566, 567 [1st Dept 2013]).
Appellant’s contentions that the record contains no evidence that she refused to acknowledge the abuse and injuries she inflicted upon the children’s older brother or that she abused Joseph while he was in her care for nine months are without merit because she was present at the fact-finding hearing and declined to testify, even though she was given the opportunity to do so (see Matter of Michael N. [Jason M.], 79 AD3d 1165, 1168 [3d Dept 2010]). Thus, the Family Court could infer that appellant has never acknowledged the abuse or the injuries she inflicted upon the children’s older brother (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79-80 [1995]). Although the court did not state that it was drawing a negative inference against appellant for failing to testify at the fact-finding hearing, it was entitled to do so (see Matter of Brandon M. [Luis M.], 94 AD3d 520, 521 [1st Dept 2012]; Matter of Nicole H., 12 AD3d 182, 183 [1st Dept 2004]). Concur— Mazzarelli, J.E, Andrias, DeGrasse, Freedman and Gische, JJ.