■ In the Matter of NAZERE McK., a Child Alleged to be Neglected. NAZARAY McK., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [45 NYS3d 47]—

Order of disposition, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about December 12, 2014, insofar as it brings up for review a fact-finding order, same court and Judge, entered on or about December 11, 2014, which found

that respondent mother neglected the subject child, unanimously affirmed, without costs.

A preponderance of the evidence supports the Family Court's finding that on September 19, 2013, respondent neglected the then one-month-old child by causing him to sustain a subconjunctival hemorrhage in his left eye, a scratch on his nostril and a torn frenulum on his upper lip. It is undisputed that the child's injuries are not of the type that ordinarily occur absent an act or omission and that the child was in respondent's care when his injuries occurred (*see Matter of Ni'Kia C. [Dominique J.]*, 118 AD3d 515, 516 [1st Dept 2014]).

Respondent failed to offer a reasonable and adequate explanation as to how the child sustained his injuries or to otherwise demonstrate why a finding of neglect should not be entered against her (*see Matter of Nasir J.*, 35 AD3d 299, 299-300 [1st Dept 2006]). The testimony of respondent's expert that the child could have sustained the scleral hemorrhage at his birth or from violent screaming, vomiting, and coughing, or from an infection, is not supported by the record because the child had none of those conditions before the September 19, 2013 incident (*see Matter of Radames S. [Maria I.]*, 112 AD3d 433, 434 [1st Dept 2013]). In addition, the Family Court properly rejected the testimony of respondent's expert that it was plausible that the child sustained a torn frenulum after falling face first onto the floor, because she acknowledged that she had only seen such an injury occur in one case out of thousands and that a blow from the hand could affect a child in the same way (*see Matter of Jorela L.*, 222 AD2d 282, 282-283 [1st Dept 1995]).

Given respondent's conflicting accounts as to how the child became injured, there is no basis to disturb the court's credibility determinations with respect to those varying accounts (*see Matter of Amire B. [Selika B.]*, 95 AD3d 632 [1st Dept 2012], *lv denied* 20 NY3d 855 [2013]). The fact that respondent acknowledged that she failed to tell the truth about the child's injuries because she was afraid he would be removed from her care provided further evidence of neglect (*see Matter of Tiffany F.*, 205 AD2d 429, 430 [1st Dept 1994]). Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.