Matter of Giovanni Z. (Kaitlyn C.--Jorge Z.) (2018 NY Slip Op 07685)





Matter of Giovanni Z. (Kaitlyn C.--Jorge Z.)


2018 NY Slip Op 07685


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Renwick, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


7611 7611A

[*1] In re Giovanni Z., and Others, Dependent Children Under Eighteen Years of Age, etc., Kaitlyn C., Respondent-Appellant, Jorge Z., Respondent, Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Elenor C. Reid, J.), entered on or about October 11, 2017, to the extent it brings up for review a fact-finding order, same court (Linda Tally, J.), entered on or about March 27, 2017, which determined, after a hearing, that respondent mother abused her youngest child and derivatively abused her other two children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Petitioner agency demonstrated that the mother abused her two-year-old son who was diagnosed with a fracture of his right humerus (see Matter of Angelique H., 215 AD2d 318, 319-320 [1st Dept 1995]; Matter of Vincent M., 193 AD2d 398, 402 [1st Dept 1993]). The mother failed to satisfactorily rebut the agency's prima facie showing that the child's injury occurred in her care and would not ordinarily have been sustained except by her own acts or omissions (see Family Ct Act § 1046[a][ii]; Matter of Naykym S., 60 AD3d 578 [1st Dept 2009]; Matter of Benjamin L., 9 AD3d 153, 155 [1st Dept 2004]). There exists no basis to disturb the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [1975]]).
In light of the nature and severity of the abuse inflicted by the mother upon the youngest child, as well as her failure to seek prompt medical attention for the injury, history of abuse, and [*2]observed scars and lacerations on her other children, the finding of derivative abuse was proper (see Matter of Quincy Y., 276 AD2d 419 [1st Dept 2000]; Matter of Ashlyn Q. [Talia R.]., 130 AD3d 1166, 1168-1169 [3d Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK