■ In the Matter of ANTOINE J. KATHY J., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. (Proceeding No. 1.) In the Matter of TROY R. KATHY J., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent. (Proceeding No. 2.) In the Matter of MICHAEL P. KATHY J., Appellant; COMMIS-

SIONER OF SOCIAL SERVICES, Respondent. (Proceeding No. 3.)—In three child protective proceedings pursuant to Family Court Act article 10, the mother appeals from three dispositional orders of the Family Court, Queens County (Lauria, J.), all dated April 19, 1990, which, upon three fact-findings orders of the same court (Cozier, J.), all dated May 3, 1989, determining, after a hearing, *inter alia,* that the child Antoine was abused, and that the children Troy and Michael were neglected, *inter alia,* placed her three children with the Commissioner of Social Services for a period of twelve months.

Ordered that the orders are affirmed, without costs or disbursements.

The evidence presented by the petitioner was sufficient to establish that the infant Antoine was an abused child suffering from "shaken baby syndrome". "Shaken baby syndrome", resulting from an infant being held around the chest and shaken back and forth, and causing, *inter alia,* subdural collections of blood in the cranial cavity, retinal hemorrhages and fractured ribs, is a medical condition whose signs and causality are generally accepted in the medical field and the state of scientific knowledge is sufficiently developed to permit a reasonable opinion to be asserted *(see, Matter of Lou R.,* 131 Misc 2d 138; *Matter of Cholette W.,* NYLJ, June 6, 1990, at 29, col 4). The evidence further established that the infant Michael had been subjected to excessive corporal punishment by his father. Since Michael's and Antoine's injuries occurred while they were in their mother's custody, the evidence was sufficient to establish a prima facie case of neglect with respect to Michael and also with respect to a third child, Troy *(see,* Family Ct Act § 1012 [e] [ii]; [f]; § 1046 [a]; *see also, Matter of Shawniece E.* 110 AD2d 900; *Matter of Cynthia V.,* 94 AD2d 773). Moreover, in view of the failure of the mother to offer any reasonable explanation for the physical injuries of either Antoine or Michael we are satisfied that findings of abuse and neglect were established upon a preponderance of the credible evidence *(see,* Family Ct. Act § 1046 [b]).

We have considered the mother's remaining contention and find it to be without merit. Bracken, J. P., Sullivan, Harwood and Lawrence, JJ., concur.