■ In the Matter of BRANDON C. CARMEN M., Appellant; COMMISSIONER OF SOCIAL SERVICES OF CITY OF NEW YORK et al., Respondents. [668 NYS2d 655] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from stated portions of (1) a fact-finding order of the Family Court, Kings County (McLeod, J.), dated October 30, 1995, which, after a hearing, inter alia, made a finding of abuse against her, and (2) a dispositional order of the same court, dated June 11, 1996, which, inter alia, placed the subject child with the Commissioner of Social Services for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the dispositional order; and it is further,

Ordered that the dispositional order is affirmed insofar as appealed from, without costs or disbursements.

On January 12, 1995, Brandon C., a 17-week-old infant, was brought to Woodhull Hospital by Emergency Medical Services. He was extremely pale, unresponsive, and suffering from a seizure. A physical examination revealed that Brandon was suffering from a cerebral edema, bleeding in the brain, and a retinal hemorrhage. After Brandon was transferred to Bellevue

Hospital, X-rays revealed healing fractures of Brandon's wrist, upper right arm, lower left arm, and right rib. He was also found to have sustained brain damage, hydrocephalus, and impaired vision, all symptoms of shaken baby syndrome.

Initially his parents, Carmen M. and Reynaldo C., claimed that they did not know how these injuries occurred. On February 10, 1995, the City of New York Child Welfare Administration (hereinafter the CWA) commenced the present child abuse proceeding against Carmen M. and Reynaldo C. After a fact-finding hearing, the Family Court sustained the petition. The Family Court found, *inter alia*, that Brandon had been abused by both Carmen M. and Reynaldo C. and transferred custody of Brandon to the Commissioner of Social Services. Carmen M. appeals.

Contrary to Carmen M.'s contentions, the CWA established, by both direct and circumstantial evidence, a prima facie case of child abuse (*see,* Family Court Act § 1046; *Matter of Philip M.,* 82 NY2d 238). Once the CWA established a prima facie case, a rebuttable presumption arose that Carmen M. was responsible for the abuse. However, she failed to offer any reasonable explanation which would rebut the presumption of abuse. Although Reynaldo C. was primarily responsible for Brandon's care during the day when Carmen M. worked, she took care of the child every night and on weekends. Some of the fractures Brandon suffered were over four weeks old, others were three weeks old at the time of his initial examination at the hospital, and some were more recent. Two weeks prior to Brandon's hospital admission, he was running a fever and twitching. Based on these circumstances, even if Carmen M. did not physically abuse Brandon, the court properly determined that she had failed to protect Brandon from physical danger (Family Ct Act § 1046 [a] [ii]; *see, Matter of Commissioner of Social Servs. [Arlene S.],* 208 AD2d 745; *Matter of Dawn D.,* 204 AD2d 634; *Matter of Robert YY.,* 199 AD2d 690; *Matter of Sara X.,* 122 AD2d 795). Accordingly, the court properly determined that Carmen M. had abused Brandon (*see, Matter of Dawn D., supra).* Joy, J. P., Krausman, Florio and McGinity, JJ., concur.