■ In the Matter of ANTHONY S., a Child Alleged to be Abused. DARRIN B. et al., Appellants; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [720 NYS2d 137] —Order of disposition, Family Court, New York County (Mary Bednar, J.), entered on or about August 21, 1998, which, upon a fact-finding determination that respondents had abused their daughter, Dominique B., and derivatively abused Anthony S., the son of respondent Tracie B. and stepson of respondent Darrin B., placed Anthony S. in the custody of the Administration for Children's Services for placement with the child's maternal aunt for 12 months, unanimously affirmed, without costs.

Petitioner established by a preponderance of the evidence respondents' responsibility for the physical abuse of their infant daughter, Dominique B. It was clear from petitioner's proof that the rectal and anal injuries sustained by the child would not have occurred absent an act or omission of respondents, who were caring for the child at the time of her injury (*see,* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d 238). In making the abuse determination against respondents with respect to Dominique B., the court properly credited the petitioner's medical experts who found that the child's injuries

were the result of sexual abuse, and properly rejected the speculation of respondents and their expert that the injuries were inflicted by emergency room personnel during attempts to resuscitate the child or during other medical procedures (*see, Matter of Eric CC.*, 237 AD2d 655, 657; *Matter of Jorela L.*, 222 AD2d 282). Although there was evidence that Dominique B.'s death in the near aftermath of the anal and rectal injuries may have been attributable to the enlargement of her heart, petitioner did not have to establish the cause of the child's death, only that she had been abused.

In light of the nature and severity of the abuse established with respect to Dominique B., the finding of derivative abuse with respect to Anthony S. was proper, even absent direct evidence of respondents' actual abuse of this second child (*see,* Family Ct Act § 1046 [a] [i]; *Matter of Quincy Y.*, 276 AD2d 419).

We have considered appellants' remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.