■ In the Matter of INFINITE G., A Child Alleged to be Abused. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; DANIELLE M., Appellant. (Proceeding No. 1.) In the Matter of D'ASIA H., a Child Alleged to be Abused and Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; DANIELLE M., Appellant. (Proceeding No. 2.) [783 NYS2d 656]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of (1) a fact-finding order of the Family Court, Queens County (Hunt, J.), dated December 19, 2002, as found that she abused the child D'Asia H. and derivatively neglected the child Infinite G., (2) an order of disposition of the same court dated July 16, 2003, as released the child D'Asia H. to her under the supervision of the Administration for Children's Services of the City of New York for a period of 12 months, and (3) an order of disposition of the same court dated July 16, 2003, as released the child Infinite G. to her under the supervision of the Administration for Children's Services of the City of New York for a period of 12 months.

Ordered that the appeal from the fact-finding order dated

December 19, 2002, is dismissed, without costs or disbursements, as that order was superseded by the orders of disposition dated July 16, 2003; and it is further,

Ordered that the orders of disposition dated July 16, 2003, are affirmed insofar as appealed from, without costs or disbursements.

On July 19, 2001, D'Asia H. was born prematurely at 24 to 25 weeks' gestation. D'Asia remained in the hospital until her discharge as a healthy premature baby on October 5, 2001. On October 18, 2001, D'Asia was readmitted to the hospital after a routine follow-up examination revealed that she was suffering from retinal hemorrhaging and subdural bleeding. Two treating physicians testified that D'Asia's condition on October 18, 2001 was consistent with "shaken-baby syndrome." On October 31, 2001, the Commissioner of the Administration for Children's Services of the City of New York (hereinafter ACS) filed child abuse petitions, inter alia, that she abused D'Asia.

At the fact-finding hearing, both the mother and the father claimed that they did not know how D'Asia was injured and that they were the sole caretakers of D'Asia. In a fact-finding order dated December 19, 2002, the Family Court found, inter alia, that the mother abused D'Asia.

Contrary to the mother's contentions, ACS established a prima facie case of child abuse (see Family Ct Act § 1046 [a] [ii]; Matter of Philip M., 82 NY2d 238, 243 [1993]). Once ACS established a prima facie case, a rebuttable presumption arose that the mother was responsible for the abuse. However, the mother failed to provide any reasonable explanation which would rebut that presumption. Under these circumstances, the Family Court properly determined that the mother abused D'Asia (see Matter of Brandon C., 247 AD2d 380, 381 [1998]; Matter of Antoine J., 185 AD2d 925, 926 [1992]).

The mother's remaining contentions are without merit. S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.