■ In the Matter of SANAH J., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES OF CITY OF NEW YORK, Appellant; TAMIKA J. et al., Respondents. [806 NYS2d 78]—

In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of a fact-finding order of the Family Court, Kings County (Staton, J.), dated December 27, 2004, as, after a fact-finding hearing, in effect, dismissed so much of the petition as alleged that the respondents had abused the subject child.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, that branch of the petition which alleged that the respondents abused the subject child is reinstated, that branch of the petition is sustained, and the matter is remitted to Family Court, Kings County, for a dispositional hearing in accordance herewith; and it is further,

Ordered that pending the issuance of an order of disposition by the Family Court, Kings County, the subject child shall remain in the petitioner's custody and shall not be removed from her current foster home.

The petitioner made out a prima facie case of abuse against the respondents by introducing evidence demonstrating that while the subject child was in their care, she suffered severe injuries that would not ordinarily occur absent an act or omission of the respondents (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.,* 82 NY2d 238, 243 [1993]). Indeed, the petitioner presented proof that the child, who was three months old, sustained 11 rib fractures, a fractured arm and leg, cerebral edema, retinal hemorrhaging, a subdural bilateral hematoma, and bruises (*see Matter of Infinite G.,* 11 AD3d 688 [2004]; *Matter of Sharonda S.,* 301 AD2d 532 [2003]; *Matter of Brandon C.,* 247 AD2d 380 [1998]; *Matter of Christopher C.,* 219 AD2d 519 [1995]).

The Family Court properly concluded that the respondents, who provided no reasonable explanation for the injuries, failed to rebut the evidence of parental culpability (*see Matter of Philip M., supra* at 244; *Matter of Infinite G., supra* at 689). However, while the Family Court found that the child was neglected, under the circumstances, the Family Court should have found that she was abused (*see* Family Ct Act § 1012 [e] [i]). Accordingly, based on our review of the entire record, we so find (*see Matter of Aniyah F.,* 13 AD3d 529 [2004]; *Matter of Nyomi A.D.,* 10 AD3d 684 [2004]; *Matter of New York City Dept. of Social Servs. v Carmen J.,* 209 AD2d 525 [1994]). Florio, J.P., Goldstein, Fisher and Covello, JJ., concur.