■ In the Matter of AMANDA LYNN B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARLENE B., Appellant. [877 NYS2d 104]—

In a child protective proceeding pursuant to Family Court Act article 10, the maternal grandmother appeals from an order of the Family Court, Kings County (Grosvenor, J.), dated January 28, 2008, which, after a hearing pursuant to Family Court Act § 1027, inter alia, removed the subject child from her custody and paroled the child to her natural mother. By decision and order on motion of this Court dated February 19, 2008 [2008 NY Slip Op 63950(U)], enforcement of the order was stayed, and the subject child was paroled to the custody of the grandmother pending hearing and determination of the appeal.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the child is paroled to the care of her grandmother, and the matter is remitted to the Family Court, Kings County, for further proceedings in connection with the underlying neglect petition, to be conducted expeditiously.

This case involves a rather lengthy Family Court Act article 10 proceeding, in which the Administration for Children's Services (hereinafter ACS) removed the subject child from her grandmother's custody without a court order in January 2007 (*see* Family Ct Act § 1024), based on allegations of, inter alia, educational neglect. At the subsequent court appearance, ACS requested that the court remand the child to the grandmother's custody, with whom she had been living for the last 12 years, under its supervision. In October 2007, at an "elevated risk conference" between ACS and the grandmother, the grandmother consented to an ACS request to conduct mental health evaluations of both herself and the child. In January 2008, ACS

moved, among other things, pursuant to Family Court Act § 1027, to have the child removed from her grandmother's custody and paroled to her natural mother. Following a hearing pursuant to Family Court Act § 1027, at which the Family Court admitted the mental health evaluations over the objection of the grandmother's attorney, the Family Court granted the ACS petition, removed the child from her grandmother's custody, and paroled her to her natural mother. We now reverse.

At any time after a Family Court Act article 10 petition has been filed, a party initiating the proceeding may make an application for a hearing to determine "whether the child should be removed from his or her [caretaker], pending a final order of disposition" (Family Ct Act § 1027 [a] [iii]), to "avoid imminent risk to the child's life or health" (Family Ct Act § 1027 [b] [ii]). In making its removal decision, the court must " 'engage in a balancing test of the imminent risk [to the child's life or health] with the best interests of the child and, where appropriate, the reasonable efforts made to avoid removal or continuing removal' " (*Matter of David Edward D.*, 35 AD3d 856, 856 [2006], quoting *Nicholson v Scoppetta*, 3 NY3d 357, 380 [2004]; *see* Family Ct Act § 1027 [b] [ii]; § 1012 [h]; *Matter of Joseph S.*, 43 AD3d 408, 409 [2007]).

Applying these principles to the matter at bar, the Family Court improvidently exercised its discretion in removing the child from the grandmother's custody. Contrary to the Family Court's determination, ACS failed to establish any imminent risk to the child's life or health by remaining with the grandmother—who had custody of the child for 12 years—which outweighed the harm posed by the child's removal (*see Matter of Alexander B.*, 28 AD3d 547, 549 [2006]; *see Matter of H. Children*, 156 AD2d 520 [1989]). Nor were there reasonable efforts "made prior to the . . . hearing . . . to prevent or eliminate the need for removing the child from the home" (Family Ct Act § 1027 [b] [ii]). Under these circumstances, the Family Court improperly determined that it was in the child's best interest to be paroled to her natural mother, and the child must be returned to her grandmother's care pending the completion of the underlying educational neglect proceeding (*see Matter of Vanessa B.*, 38 AD3d 768, 769 [2007]).

Contrary to the grandmother's contention on appeal, however, the Family Court properly admitted the mental health evaluations of her and the child. "[D]uring all other stages of a proceeding under . . . article [ten], except a fact-finding hearing, only material and relevant evidence may be admitted" (Family Ct Act § 1046 [c]). Here, although the mental health

evaluations constituted hearsay, they were properly admitted at the Family Court Act § 1027 preliminary hearing because they were "material and relevant" to the court's determination, and the removal hearing was not a "fact-finding hearing" (Family Ct Act § 1046 [c]; *see Matter of Diaz v Santiago*, 8 AD3d 562, 563 [2004]; *Matter of Nilda S. v Dawn K.*, 302 AD2d 237 [2003]; *see also* Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1027, at 36). Florio, J.P., Covello, Balkin and Leventhal, JJ., concur.