■ In the Matter of JORDAN T.R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID R. et al., Appellants. (Proceeding No. 1.) In the Matter of MARIAH T.R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID R. et al., Appellants. (Proceeding No. 2.) In the Matter of IMANI C.T.S., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID R. et al., Appellants. (Proceeding No. 3.) In the Matter of ANGELA T.R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID R. et al., Appellants. (Proceeding No. 4.) [979 NYS2d 614]—

On March 19, 2010, the child Angela T.R. was admitted to a

hospital and found to have suffered injuries consistent with "shaken baby syndrome." At the time of her admission, she presented signs of brain death and was placed on life-support equipment. The New York City Administration for Children's Services (hereinafter the ACS) filed petitions against Antoinette T. (hereinafter the mother) and David R., alleging that they had abused the subject children Angela T.R. and Imani C.T.S. The petitions alleged that the mother was the biological mother of both children and that David R. was a person legally responsible for Imani and the biological father of Angela. Angela was declared brain dead on April 6, 2010, and subsequently was removed from life-support systems. During the pendency of these proceedings, the children Jordan T.R. and Mariah T.R. were born to the mother and David R. (hereinafter together the appellants), and the ACS filed petitions alleging that those children were derivatively abused.

Contrary to the appellants' contentions, the ACS made a prima facie case of abuse of Angela with evidence that the four-month-old child was brought to the hospital with injuries, including a bulging fontanelle, multi-layered retinal hemorrhages, subdural hemorrhages, and a subarachnoid hemorrhage, that were of such a nature as not to be accidental (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *Matter of Samuel L.*, 52 AD3d 394 [2008]; *Matter of Jezekiah R.-A. [Edwin R.-E.]*, 78 AD3d 1550 [2010]; *Matter of Aniyah F.*, 13 AD3d 529, 530 [2004]; *Matter of Infinite G.*, 11 AD3d 688, 689 [2004]; *Matter of Marquise W.*, 269 AD2d 400 [2000]; *Matter of Brandon C.*, 247 AD2d 380, 381 [1998]). Once a prima facie case was established, a rebuttable presumption of parental culpability arose (*see Matter of Philip M.*, 82 NY2d at 246; *Matter of Jaiden T.G. [Shavonna D.-F.]*, 89 AD3d 1021, 1022 [2011]; *Matter of Infinite G.*, 11 AD3d at 689).

We agree with the Family Court that David R. failed to rebut the presumption of culpability. Although the appellants' expert testified that Angela's injuries were consistent with the accidental trauma described by David R., he also acknowledged that events could not have occurred as described by David R., given Angela's condition upon arriving at the hospital. He further conceded that his diagnosis would be "very rare" in a child of Angela's age, and he had never seen such a case or even heard of a case in which the particular diagnosis was considered a possibility for explaining similar injuries. Accordingly, the Family Court properly found that the ACS had established by a preponderance of the evidence that David R. had abused Angela.

However, the mother rebutted the presumption of parental

abuse with evidence, which was credited by the Family Court, that Angela was solely in the care of David R. at the time when the injury would have occurred, and that the mother immediately sought medical assistance when she returned to David R.'s apartment and found Angela limp and pale (*see Matter of Philip M.*, 82 NY2d at 244; *Matter of Jaiden T.G. [Shavonna D.-F.]*, 89 AD3d at 1022). Accordingly, the Family Court should have denied the petitions and dismissed the proceedings insofar as asserted against the mother.

The contention of David R. that he was not a person legally responsible for Imani's care is improperly raised for the first time on appeal, and therefore is not properly before us (*cf. Matter of Keydra R. [Robert R.]*, 105 AD3d 588, 589 [2013]; *Matter of Sharnaza Q. [Clarence W.]*, 68 AD3d 436 [2009]; *Matter of Johnnie S.*, 272 AD2d 472, 473 [2000]; *Matter of Mary Alice V.*, 222 AD2d 594, 595 [1995]). Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.