■ In the Matter of NABEL C., JR., a Child Alleged to be Abused. AMANDA R. et al., Appellants; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [23 NYS3d 8]—

Order of fact-finding, Family Court, New York County (Stewart Weinstein, J.), entered on or about October 21, 2014,

which, after a hearing, inter alia, determined that respondent mother and respondent father abused the subject child, unanimously affirmed, without costs.

A preponderance of the evidence supports the determination that the mother and the father abused the then seven-week-old child by exposing him to the opiate derivatives morphine, heroin and codeine, resulting in a life-threatening condition. Petitioner agency met its prima facie burden by demonstrating that the child's condition was of such a nature that it would ordinarily not occur but for the acts or omissions of his parents or persons legally responsible for the child, and that the mother and the father were caretakers of the child at the time the exposure occurred (see Matter of Philip M., 82 NY2d 238, 243 [1993]; Matter of Benjamin L., 9 AD3d 153, 155 [1st Dept 2004]; Family Ct Act § 1046 [a] [ii]). The evidence showed that the child lived with the mother and grandmother, and that the father visited frequently. They were the only individuals responsible for the child's care in the days prior to the opiate overdose. Furthermore, the agency's expert, a forensic toxicologist, opined without contradiction that the precise time of the child's opiate exposure could not be identified, as that would depend on numerous factors, including the amount of opiates the child had been given.

The burden having shifted, neither the mother nor the father rebutted the evidence with a showing that the exposure had to have occurred during a time when they were not with the child or by explaining how the exposure occurred. Thus, the court correctly assigned blame to the mother, the father and the grandmother, who had been the child's exclusive caregivers during the time period preceding the overdose (see Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 74 [1st Dept 2012]). As to the father, the court may draw a negative inference from his failure to testify (see Matter of Jonathan Kevin M. [Anthony K.], 110 AD3d 606, 607 [1st Dept 2013]). Concur—Tom, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.