In the Matter of SEMENAH R. and Another, Children Alleged to be Abused and/or Neglected. KENO R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [24 NYS3d 39]—

Order of fact-finding and disposition, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about May 19, 2014, to the extent it determined, after a fact-finding hearing, that respondent Keno R. abused Jordan R., for whom he was a person legally responsible, and derivatively abused and neglected the subject children, unanimously affirmed, without costs.

The findings of abuse and derivative abuse were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Dayanara V. [Carlos V.]*, 101 AD3d 411 [1st Dept 2012]). The evidence demonstrated, inter alia, that respondent was the primary caregiver for Jordan, then three years old, and the subject children, all day, while their mother was at work. When the mother returned home in the evening, respondent told her that Jordan was not feeling well. Later that night, Jordan was found by the mother to be unresponsive. He went into cardiac arrest and was brought to the hospital early the next morning, where he died, despite efforts to resuscitate him. An autopsy revealed that Jordan had bruises on his body and that he had sustained blunt force trauma to

his abdomen, resulting in crushing and tearing of his bowel and mesentery, which led to cardiac arrest. The medical examiner testified that the injuries were not accidental and would have been inflicted hours earlier.

After the petitioner made out its prima facie case of abuse, respondent failed to provide a reasonable explanation for Jordan's injuries so as to rebut the presumption that he was responsible for them (*see Matter of Philip M.*, 82 NY2d 238 [1993]). There is no basis for disturbing Family Court's assessment of the credibility of the medical examiner's testimony as to the cause of Jordan's death (*see Matter of Anthony S.*, 280 AD2d 302 [1st Dept 2001]).

The finding of derivative abuse of the subject children was warranted by the nature and severity of the direct abuse—blunt force trauma resulting in the child's death—which demonstrated parental judgment so impaired as to place the subject children, for whom respondent was a person legally responsible, at substantial risk of harm (*see* Family Ct Act § 1046 [a] [i]; *Matter of Dayanara V.*, 101 AD3d at 412; *Matter of Cruz*, 121 AD2d 901 [1st Dept 1986]). Concur—Mazzarelli, J.P., Friedman, Gische and Kapnick, JJ.