In the Matter of GRACE J. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LOUISE J. et al., Appellants. [33 NYS3d 758]—

Appeal from an amended order of the Family Court, Suffolk County (Theresa Whelan, J.), dated July 30, 2015. The amended order, after a hearing, determined that the mother and the father violated orders of suspended judgment of that court dated October 15, 2014, and December 2, 2014, respectively, revoked the orders of suspended judgment, and remanded the mother and the father to the Suffolk County Correctional Facility for a period of six months.

Ordered that the amended order dated July 30, 2015, is affirmed, without costs or disbursements.

In April 2015, the Suffolk County Department of Social Services (hereinafter DSS) filed petitions against the mother and the father, alleging that both parties had tested positive

for illegal narcotics pursuant to hair follicle tests that were administered on March 2015. Based on the positive test results, DSS sought to revoke two orders of the Family Court dated October 15, 2014, and December 2, 2014, respectively, in which the court had suspended its prior judgments sentencing each party to six months of incarceration for violating an order of protection, for as long as the parties complied with all existing court orders. After a hearing, the Family Court, inter alia, revoked the orders of suspended judgment. The mother and the father appeal.

Contrary to the contentions of the mother and the father, the Family Court properly admitted their respective hair follicle test reports into evidence. Any hearsay pertaining to the reports did not prevent their admission into evidence at the suspended sentence revocation hearing, as that hearing was not a fact-finding hearing (*see* Family Ct Act § 1046 [c]; *Matter of Amanda Lynn B.*, 60 AD3d 939, 940-941 [2009]). Moreover, the reports were admissible, as each participant in the chain that produced the record, from the initial declarant to the final entrant, was acting within the course of regular business conduct (*see Matter of Leon RR*, 48 NY2d 117, 122 [1979]; *Matter of Grayson J. [Sharon H.]*, 119 AD3d 575, 577 [2014]). Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.