■ In the Matter of PERSAIUS A.-K., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; YASIN A.-K. et al., Respondents. (Proceeding No. 1.) In the Matter of TAYMIUS A.-K., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; YASIN A.-K. et al., Respondents. (Proceeding No. 2.) [52 NYS3d 903]—

Appeal by the children from an order of fact-finding of the Family Court, Kings County (Ann E. O'Shea, J.), dated February 9, 2016. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the father did not abuse or severely abuse the child Persaius and did not derivatively abuse or derivatively severely abuse the child Taymius.

Ordered that the order of fact-finding is modified, on the law and the facts, by deleting the provisions thereof finding that the father did not abuse the child Persaius and did not derivatively abuse the child Taymius, and substituting therefor a provision finding that the father abused the child Persaius and derivatively abused the child Taymius; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner made a prima facie showing that the father abused the child Persaius (*see* Family Ct Act §§ 1012 [e] [i]; 1046 [a] [ii]; *Matter of Philip M.,* 82 NY2d 238, 243-244 [1993]). The father, who testified on his own behalf at the fact-finding hearing and blamed his girlfriend for Persaius's injuries, failed to rebut the inference that he was also responsible for the abuse, in that he failed to protect Persaius from physical danger (*see Matter of Nabel C. [Amanda R.],* 134 AD3d 504, 505 [2015]; *Matter of Infinite G.,* 11 AD3d 688, 689 [2004]; *Matter of Brandon C.,* 247 AD2d 380, 381 [1998]; *Matter of Antoine J.,* 185 AD2d 925 [1992]). Moreover, the evidence demonstrated that the father's judgment and understanding of his parental duties were so defective as to create a substantial risk of harm to the child Taymius (*see* Family Ct Act §§ 1012 [e] [i]; 1046 [a] [ii]; *Matter of Amirah L. [Candice J.],* 118 AD3d 795, 796 [2014]). Accordingly, we find that Persaius was abused by the father, and that Taymius was derivatively abused by the father.

However, the Family Court properly found that there was not sufficient evidence to clearly and convincingly establish that the father acted under circumstances evincing a depraved indifference to human life so as to support a finding that he severely abused Persaius and derivatively severely abused Taymius (*see* Social Services Law § 384-b [8] [a] [i]; Family Ct Act § 1051 [e]; *Matter of Jezekiah R.-A. [Edwin R.-E.]*, 78 AD3d 1550, 1550-1551 [2010]). Mastro, J.P., Hall, Austin and Barros, JJ., concur.