Matter of Sheyla G.-R. (Jaime G.) (2019 NY Slip Op 00873)





Matter of Sheyla G.-R. (Jaime G.)


2019 NY Slip Op 00873


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-12531
 (Docket Nos. N-17643-16, N-17644-16, N-17646-16, N-17647-16)

[*1]In the Matter of Sheyla G.-R. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Jaime G. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Jaime G.-R. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; Jaime G. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Glenn Gucciardo, Northport, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Jennifer L. Basile of counsel), for petitioner-respondent.
Laurette Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition (one paper) of the Family Court, Suffolk County (Matthew Hughes, J.), dated October 30, 2017. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, determined that the father abused the infant Sheila G.-R. (hereinafter the infant), and derivatively neglected the child, Jaime G.-R., and placed the infant and the child in foster care.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
On October 21, 2016, the mother noticed a bump on the head of the then-six-week- old Sheyla G.-R. (hereinfter the infant). The mother contacted the infant's pediatrician, and was directed to take the infant to Glen Cove Hospital. The infant was transferred to the Cohen Children's Medical Center (hereinafter the Medical Center) on October 22, 2016. At the Medical Center, the infant was examined by a child abuse expert, Jaime Hoffman-Rosenfeld, who determined that the infant sustained a diastatic skull fracture and an associated hematoma. The infant also had healing rib fractures that appeared to be 7 to 10 days old, that allegedly did not occur at the same time as the skull fracture, and bruises on her wrist and on both legs. Suffolk County Detectives Frances Murray [*2]and Joseph Mucha (hereinafter together the detectives) interviewed the father, who told them that the infant's injuries were caused by a fall from an infant swing the previous week, on October 16, 2016.
On October 24, 2016, the Suffolk County Department of Social Services (hereinafter the DSS) filed a petition against the mother and the father (hereinafter together the parents), alleging that they abused the infant, and derivatively neglected the child, Jaime G.-R. (hereinafter the child), who was approximately two years old. A fact-finding hearing was held over multiple days in July and August 2017, at which Hoffman-Rosenfeld and the detectives testified on behalf of the presentment agency. Medical records, including radiological images and photographs, were introduced into evidence at the hearing. The father and mother each testified on their own behalf, and the father's cousin also testified in favor of the parents. The Family Court determined that the DSS had proven by a preponderance of the evidence that the parents abused the infant and derivatively neglected the child. Following a dispositional hearing, the infant and the child were placed in foster care, and the father appeals.
Family Court Act § 1046(a)(ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243). A finding that a child is abused must be based on a preponderance of the evidence (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3; Matter of Adelia V. [Braun], 91 AD3d 659, 660). "Although the burden of proving child abuse or neglect always remains with the petitioner, once a prima facie case has been established, a presumption of parental responsibility arises, and the burden of going forward to rebut the presumption shifts to the respondents" (Matter of Peter R., 8 AD3d 576, 577, citing Matter of Philip M., 82 NY2d at 244; see Matter of Christopher Anthony M., 46 AD3d 896).
Here, the DSS established, prima facie, that the father abused the infant (see Family Ct Act § 1046[a][ii]; Matter of Philip M., 82 NY2d at 243-244; Matter of Semenah R. [Keno R.—Shanika R.], 135 AD3d 503; Matter of Robert A. [Kelly K.], 109 AD3d 611; Matter of Madeline A., 55 AD3d 430; Matter of Sanah J., 23 AD3d 385; Matter of Infinite G., 11 AD3d 688). The father failed to rebut the presumption of parental responsibility by providing a reasonable explanation for the infant's injuries (see Matter of Philip M., 82 NY2d at 245). Furthermore, the finding of derivative neglect as to the child was warranted based on the father's abuse of the infant, which demonstrated parental judgment so impaired as to place the child at substantial risk of harm (see Family Ct Act § 1046 [a][i]; Matter of Semenah R. [Keno R.—Shanika R.], 135 AD3d at 504; Matter of Dayanara V. [Carlos V.], 101 AD3d 411; Matter of Cruz, 121 AD2d 901).
Accordingly, we agree with the Family Court's findings that the father abused the infant and derivatively neglected the child.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court