Matter of Sincere S. (Jahquan S.) (2019 NY Slip Op 07588)





Matter of Sincere S. (Jahquan S.)


2019 NY Slip Op 07588


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2018-09294
2018-11382
2018-13570
 (Docket Nos. N-19966-17, N-19967-17, N-19968-17, N-19969-17)

[*1]In the Matter of Sincere S. (Anonymous). Suffolk County Department of Social Services, respondent; Jahquan S. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Zanora S. (Anonymous). Suffolk County Department of Social Services, respondent; Jahquan S. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Sincere S. (Anonymous). Suffolk County Department of Social Services, respondent; Bernadine C. (Anonymous), appellant. (Proceeding No. 3.)
In the Matter of Zanora S. (Anonymous). Suffolk County Department of Social Services, respondent; Bernadine C. (Anonymous), appellant. (Proceeding No. 4.)


Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellants.
Dennis M. Brown, County Attorney, Central Islip, NY (Karin A. Bohrer and Jeffrey P. Tavel of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, (1) the father appeals from an order of the Family Court, Suffolk County (Theresa Whelan, J.), dated July 10, 2018, (2) the father and the mother separately appeal from a decision of the same court dated August 27, 2018, and (3) the father and the mother appeal from an order of fact-finding and disposition of the same court dated October 25, 2018. The order dated July 10, 2018, insofar as appealed from, denied the father's application to preclude the admission of certain hospital records and hair follicle testing records. The order of fact-finding and disposition, after fact-finding and dispositional hearings, inter [*2]alia, found that the mother and the father abused the child Zanora S. and derivatively neglected the child Sincere S., and continued the placement of the children with the paternal grandmother until the completion of the next permanency hearing.
ORDERED that the appeal from the order dated July 10, 2018, is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeals from the decision are dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the appeal from so much of the order of fact-finding and disposition as continued the placement of the children with the paternal grandmother until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from the order dated July 10, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order of fact-finding and disposition (see CPLR 5501[a][1]; Family Ct Act § 1118; Matter of Aho, 39 NY2d 241, 248; Matter of Janette G. [Julie G.], 166 AD3d 1544, 1545; Matter of Jessica R., 196 AD2d 633). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order of fact-finding and disposition (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248; Matter of Dutchess County Dept. of Social Servs. [George K.], 135 AD2d 631, 632).
On November 22, 2017, the child Zanora S. (hereinafter Zanora), who was less than one year old, was hospitalized after she became unresponsive with breathing problems and "seizure-like symptoms." Hospital records showed that Zanora tested positive for cocaine and benzodiazepines, and the parents offered no explanation for Zanora's exposure to those substances. In addition, hair follicle testing of the parents showed that they both tested positive for cocaine. The Suffolk County Department of Social Services (hereinafter the DSS) filed petitions against the mother and the father, alleging that they abused Zanora and derivatively neglected Zanora's brother, the child Sincere S. (hereinafter Sincere).
During the ensuing fact-finding hearing, the parents objected to the admission of hospital records and hair follicle testing records as inadmissible hearsay. In an order dated July 10, 2018, the Family Court denied the parents' applications to preclude the admission of those records.
In an order of fact-finding and disposition dated October 25, 2018, made after fact-finding and dispositional hearings, the Family Court, inter alia, found that the mother and the father abused Zanora and derivatively neglected Sincere, and continued the placement of the children with the paternal grandmother until the completion of the next permanency hearing. The mother and the father appeal.
The appeal from so much of the order of fact-finding and disposition as continued the placement of the children with the paternal grandmother until the completion of the next permanency hearing must be dismissed as academic, as the period of placement has expired (see Matter of Peter T. [Shay S.P.], 173 AD3d 1043; Matter of Zana C. [Dana F.], 171 AD3d 1045, 1046). However, "since an adjudication of abuse or neglect constitutes a permanent and significant stigma which might indirectly affect the [parents'] status in future proceedings," the appeal from so much of the order of fact-finding and disposition as made findings of abuse and derivative neglect is not academic (Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 783).
We agree with the Family Court's determination that the hospital records were admissible at the fact-finding hearing, since they were properly certified and contained the requisite delegation of authority (see Family Ct Act § 1046 [a] [iv]; Matter of Christopher D.B. [Lorraine H.], [*3]157 AD3d 944, 947).
Further, we agree with the Family Court's determination that the hair follicle testing records were admissible. While " the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records'" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209, quoting Standard Textile Co. v National Equip. Rental, 80 AD2d 911, 911), "such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 209). Here, the DSS presented testimony from a case manager of the Family Court Treatment Alternatives for Safer Communities program that the hair follicle test results provided by an outside laboratory were incorporated into her office's reports and routinely relied upon to issue hair follicle test reports. Thus, the DSS established the admissibility of the hair follicle test results admitted as Petitioner's Exhibits 5 and 6 (see State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296). The DSS also established the admissibility of the hair follicle test reports admitted as Petitioner's Exhibits 3 and 4 by establishing that each participant in the chain that produced the reports acted within the course of regular business conduct (see Family Ct Act § 1046[a][iv]; Matter of Grace J. [Louise J.], 140 AD3d 1166, 1167).
Furthermore, the DSS established, prima facie, that the mother and the father abused Zanora, and the parents failed to rebut the presumption of parental responsibility by providing a reasonable explanation for Zanora's ingestion of cocaine and benzodiazepines (see Family Ct Act § 1046[a][ii]; Matter of Philip M., 82 NY2d 238, 243-244; Matter of Nabel C. [Amanda R.], 134 AD3d 504). In addition, the DSS established by a preponderance of the evidence that the conduct of the mother and the father with respect to Zanora " demonstrate[d] such an impaired level of parental judgment as to create a substantial risk of harm for any child in [their] care,'" such that an adjudication of derivative neglect with respect to Sincere was warranted (Matter of Victoria B. [Jonathan M.], 161 AD3d 1145, 1146, quoting Matter of Iris G. [Angel G.], 144 AD3d 908, 908).
The parents' remaining contentions are without merit.
Accordingly, we agree with the Family Court's findings that the mother and the father abused Zanora and derivatively neglected Sincere.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court