Matter of Kimona C. (2022 NY Slip Op 07501)

Matter of Kimona C.

2022 NY Slip Op 07501

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Docket No. NA-32900/19 Appeal No. 16979-16979A Case No. 2021-04753 

[*1]In the Matter of Kimona C., A Child Under Eighteen Years of Age, etc., Tiara C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Carol L. Kahn, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (Lynn M. Leopold, J.), entered on or about December 1, 2021, which, inter alia, found, upon granting petitioner agency's motion for summary judgment, that respondent mother had derivatively neglected and abused the subject child, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about October 8, 2021, which granted the motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The agency made a prima facie showing of derivative abuse based on the prior order, entered before the subject child was born, finding that the mother had severely abused and neglected one of her older children and derivatively abused another (Matter of Heaven C.E. [Tiara C.], 164 AD3d 1177, 1178 [1st Dept 2018]). The conduct underlying the prior order demonstrates that the mother's parental judgment was so flawed that any child in her care would be at risk (see Matter of Keith H. [Logann M.K.], 113 AD3d 555, 555 [1st Dept 2014]; Matter of Semenah R. [Keno R. — Shanika R.], 135 AD3d 503, 504 [1st Dept 2016]; Matter of Noah Jeremiah J. [Kimberly J.], 81 AD3d 37, 42 [1st Dept 2010]). The conduct underlying the prior findings of severe abuse was sufficiently proximate in time to the derivative neglect proceedings to support the conclusion that the conditions still existed (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182-183 [1994]; Matter of Takia B. [Antoine N.], 73 AD3d 575 [1st Dept 2010]). Moreover, the mother's failure to participate in services, as evidenced by the fact that the older children were never returned to her care, established that the conditions that led to the prior findings still existed and the subject child would be at risk in the mother's care (see Matter of A'Nyia P.G. [Qubilah C.T.G.], 176 AD3d 495, 496 [1st Dept 2019]). In opposition to the agency's motion, the mother failed to submit any evidence sufficient to rebut the presumption that the conditions leading to the severe abuse of the child's older siblings had not been remedied (see CPLR 3212[b]; see also Matter of A' Nyia P.G., 176 AD3d at 496; Matter of Keith H. [Logann M.K.], 113 AD3d at 556).
To the extent the mother raises arguments relating to the timeliness and staleness of the summary judgment motion, those contentions are improperly raised for the first time on appeal (see Life Sourcing Co., Ltd. v Shoez, Inc., 179 AD3d 439 [1st Dept 2020]). In any event, they are unpersuasive as the court providently exercised its discretion in setting a revised schedule for the summary judgment motion.
We have considered the mother's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022