In the Matter of ESSENCE J., a Child Alleged to be Neglected. SHAWN N., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of ELIJAH J. and Others, Children Alleged to be Neglected. SHAWN N., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [43 NYS3d 269]—

Order of disposition, Family Court, Bronx County (Erik S. Pitchal, J.), entered on or about January 7, 2015, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about December 15, 2014, which found that respondent father neglected his child and two children he was legally responsible for by failing to protect them from their respondent mother's drug and alcohol use, and derivatively neglected them by failing to complete a sex-offender program as mandated by two prior court orders, unanimously affirmed, without costs. Order of disposition, same court (Alma M. Gomez, J.), entered on or about March 26, 2015, to the extent it brings up for review a fact-finding order of the same court (Erik S. Pitchal, J.), entered on or about February 27, 2015, which granted petitioner-agency's motion for summary judgment and found that respondent-father neglected and derivatively neglected another daughter, unanimously affirmed, without costs. Appeals from the fact-finding orders, unanimously dismissed, without costs, as subsumed in the appeals from the orders of disposition.

A preponderance of the evidence supports the Family Court's finding that respondent knew or should have known that the mother was drinking to the point of intoxication while she was caring for the children (see Family Ct Act § 1046 [b] [i]). Respondent testified that he would see the mother at least three times a week during the same time period the Family Court determined that she was drinking to the point of intoxication almost every day and his testimony made clear that he was either unwilling or unable to recognize the danger she posed to the children (see Matter of Darcy Y. [Christopher Z.], 103 AD3d 955, 956-957 [3d Dept 2013], citing Matter of Bianca P. [Theodore A.P.], 94 AD3d 1126, 1126-1127 [2d Dept 2012]; Matter of Miyani M. [George T.], 4 AD3d 430, 431 [2d Dept 2004]).

In addition, respondent's failure to accept responsibility for

his actions and his lack of understanding of his behavior by failing to complete a sexual rehabilitation program in violation of court orders render it of no moment that the finding that he sexually abused another sibling when she was ten years old and entrusted to his care occurred approximately thirteen years before the petitions regarding the children at issue were filed against him (*see Matter of Cashmere S. [Rinell S.]*, 125 AD3d 543, 544-545 [1st Dept 2015], *lv denied* 26 NY3d 909 [2015]; *Matter of Ahmad H.*, 46 AD3d 1357, 1357-1358 [4th Dept 2007], *lv denied* 12 NY3d 715 [2009]).

Petitioner made a prima facie showing that respondent neglected and derivatively neglected the youngest child based on the 2014 finding of neglect regarding the other children because it was entered against him just fifteen days after the youngest child's birth, which was sufficiently close in time to the derivative proceeding to support the conclusion that his parental judgment remained impaired (*see Matter of Nhyashanti A. [Evelyn B.]*, 102 AD3d 470 [1st Dept 2013]; *Matter of Camarrie B. [Maria R.]*, 107 AD3d 409 [1st Dept 2013]). Concur—Mazzarelli, J.P., Renwick, Richter, Manzanet-Daniels and Feinman, JJ.