Matter of Myracle N.P. (Tyree L.B.) (2019 NY Slip Op 03668)





Matter of Myracle N.P. (Tyree L.B.)


2019 NY Slip Op 03668


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Sweeny, J.P., Gische, Tom, Gesmer, Singh, JJ.


9256

[*1]In re Myracle N.P., A Child Under Eighteen Years of Age, etc., Tyree L.B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Anne Reiniger, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Carolyn Walther of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about May 22, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about February 20, 2018, which found that respondent father derivatively neglected the subject child, unanimously affirmed, without costs.
The finding of derivative neglect is supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). The 2010 finding of neglect, which was based upon, inter alia, the father's sexual misconduct as to his older child, and his failure to take prescribed psychotropic medication and receive appropriate mental health treatment, was sufficiently proximate in time to the instant proceedings to support the finding of derivative neglect (see Matter of Essence J. [Shawn N.], 144 AD3d 593 [1st Dept 2016]; Matter of Joseph P. [Cindy H.], 112 AD3d 553 [1st Dept 2013]).
The fact that the father has intermittently complied with services and participated in regular visitation with his other children before the commencement of this proceeding on behalf of the subject child does not preclude a finding of derivative neglect. The father's failure to acknowledge his past sexual misconduct and accept responsibility for his actions, as well as his unilateral decision to discontinue therapy and medication, which were ordered in the prior neglect case, demonstrates that he failed to take appropriate measures to address his mental [*2]health issues and has a faulty understanding of his parental duties (see Matter of Jayden C. [Luisanny A.], 126 AD3d 433 [1st Dept 2015]; Matter of Keith H. [Logann M.K.], 113 AD3d 555 [1st Dept 2014], lv denied 23 NY3d 902 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK