Matter of Michelle P. (Deja P.) (2022 NY Slip Op 02094)





Matter of Michelle P. (Deja P.)


2022 NY Slip Op 02094


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Kapnick, J.P., Webber, Friedman, Kennedy, Mendez, JJ. 


Docket No. NA-25367/16, NA-11240-19 Appeal No. 15600-15600A-15600B Case No. 2021-01241 

[*1]In the Matter of Michelle P. and Another., Children Under Eighteen Years of Age, etc., Deja P., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Steven P. Forbes, Huntington, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Ashley B. Black, J.), entered on or about March 10, 2021, to the extent it brings up for review a fact-finding order, same court (Gilbert A. Taylor, J.), entered on or about May 19, 2020, which found that respondent mother abused the subject child, Michelle P., and an order, same court (Black, J.), entered on or about January 20, 2021, which granted petitioner agency's motion for summary judgment on its claim that the mother derivatively neglected S.P., unanimously affirmed, without costs.
Petitioner produced credible evidence that, while in the care of both parents, 45-day-old subject child, Michelle P., sustained injuries, including genital injuries and a broken left clavicle, that would not have been sustained absent sexual and physical abuse and otherwise unexplained by respondent parents (see Family Ct Act § 1046[a][ii]; Matter of Philip M., 82 NY2d 238, 243 [1993]). In response, the mother failed to offer any explanation for the injuries or to show that Michelle was not in her care in the days leading up to the injuries (id. at 244; Matter of Benjamin L., 9 AD3d 153, 155 [1st Dept 2004]). Family court providently declined to credit the mother's testimony about her whereabouts in the days leading up to Michelle's injuries, which was inconsistent with the parents' statements at the hospital and with a caseworker's testimony that the mother was at home with the child during a visit two days before the child's hospital admission (id. at 155).
A preponderance of the evidence also supports the court's alternative finding that even if the mother did not inflict Michelle's injuries, at the least, she was aware of or should have been aware of the child's injuries and failed to protect her from respondent father (see Family Ct Act § 1012[f][i][B]; Matter of Heaven C.E. [Tiara C.], 164 AD3d 1177, 1178 [1st Dept 2018]; Matter of Essence J.[Shawn N.], 144 AD3d 593 [1st Dept 2016]).
Finally, there is no basis to disturb the finding of derivative neglect. The nature and severity of Michelle's injuries indicate that the mother's understanding of her parental duties is so flawed that S.P. faces a substantial risk of harm in her care, and petitioner demonstrated prima facie that the mother continued her relationship with the
father and had not engaged in services to ameliorate the conditions that led to Michelle's
placement (see Matter of Semenah R. [Keno R. — Shanika R.],135 AD3d 503, 504 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022