Matter of A.S. (Vinia D.) (2023 NY Slip Op 04715)

Matter of A.S. (Vinia D.)

2023 NY Slip Op 04715

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Docket No. NN-25543/18, NN-25544/18 Appeal No. 631 Case No. 2019-5696 

[*1]In the Matter of A.S., and Another. Children Under Eighteen Years of Age, etc., Vinia D., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Lemar S., Respondent.

Daniel R. Katz, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about June 25, 2019, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about July 11, 2019, which found that respondent grandmother neglected the child and derivatively neglected the child's younger sister, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect was supported by a preponderance of the evidence (see Family Court Act §1046[a][ii]; Matter of Philip M., 82 NY2d 238, 243 [1993]). The evidence shows that in September 2018, while in the grandmother's care, the then-three-year-old child sustained a burn to her thigh in the same shape and pattern as the family's iron, which was used daily in the home by the grandmother's 12-year-old daughter, including on the day of the incident, and left to cool on the windowsill within the child's reach. Family Court correctly determined that petitioner established a prima facie case of neglect because this type of injury would not have occurred without the grandmother's acts or omissions (see Matter of Michelle P. [Deja P.], 203 AD3d 632, 632 [1st Dept 2022]; Matter of Amir L. [Chantal B.], 104 AD3d 505, 506 [1st Dept 2013]). The grandmother failed to rebut the presumption of culpability before the Family Court (see Matter of Michelle P., 203 AD3d at 632). Indeed, she refused to acknowledge that the mark on the child's thigh was a burn, insisting that it was a bruise sustained while the child was at school (see Matter of Benjamin L., 9 AD3d 153, 155 [1st Dept 2004]).
On appeal, the grandmother has abandoned any challenge to the determination that the mark on the child's thigh was a burn from the family's iron (see Matter of Spencer Isaiah R. [Spencer R.], 78 AD3d 561, 561 [1st Dept 2010]). Instead, she argues, for the first time on appeal, that this single incident is insufficient to constitute neglect. However, even a single incident may constitute neglect where, as here, the grandmother should have been aware of the intrinsic danger of a hot iron being used by her 12-year-old child, unsupervised, in an area where a child with special needs was walking around and could reach the iron (see Matter of Kayla W., 47 AD3d 571, 572 [1st Dept 2008]). Thus, the grandmother failed to exercise the minimum degree of care necessary to provide the child with proper supervision or guardianship (see Matter of Ni' Kia C. [Dominique J.], 118 AD3d 515, 516 [1st Dept 2014]).
Based on the grandmother's failure to appreciate and safeguard against the risks to the children in her home, especially given the child's age and the severity of her injury, the grandmother's judgment was so impaired as to place the child's younger sister, an infant, at risk of harm (see Matter of Daniela P.C. [Maria C.A], 166 AD3d 423, 424 [1st Dept 2018]).
We have considered the grandmother's [*2]remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023